IN THE

# SUPREME COURT OF TENNESSEE

FOR THE

## WESTERN DIVISION.

---

## JACKSON, APRIL TERM, 1899.

---

MARTIN *v.* STOVALL.

*(Jackson.* May 27, 1899.)

1. WILLS. *Effect of foreign probate.*

A foreign will, that has been duly probated in common form under the *lex domicilii*, and a duly authenticated copy thereof filed and recorded, as required by statute in this State, is not open to contest, for any cause, in the Courts of this State, as regards its dispositions of movable or personal property, even by one who was not a party to or notified of the proceedings in the foreign Court. (*Post, pp. 1–15.*)

Constitution construed: Art. IV., §1 (U. S.).

Code construed: §§ 3916–3922 (S.); §§ 3024–3030 (M. & V.); §§ 2184–2190 (T. & S.).

Case cited and approved: Williams *v.* Sanders, 5 Cold., 60.

19 P—1

---

---

2. SAME.   *Nature and effect of probate.*

The probate of a will is a proceeding *in rem,* and binding on all
persons interested, whether they were parties to the record or
not.   (*Post, p. 9.*)

Cases cited and approved: Patton *v.* Allison, 7 Hum., 328; Pinson
*v.* Ivey, 1 Yer., 349; Fry *v.* Taylor, 1 Head, 595.

3. SAME.   *Effect not denied probate of foreign will.*

Full faith and credit will not be denied by the Courts of this
State to the probate of a will in another State, on account of
the failure of the statutes of that State to accord a like effect
to wills probated in other States.   (*Post, pp. 13, 14.*)

4. SAME.   *Bequeathing mortgages.*

A bequest of mortgages on real estate is a bequest of personalty.
The mortgage is but an incident of the debt secured, and the
debt is personalty.   (*Post, p. 15.*)

Cases cited and approved: Williams *v.* Sanders, 5 Cold., 60;
McGan *v.* Marshall, 7 Hum., 127; Ferguson *v.* Coward, 12
Heis., 572; Vaughn *v.* Vaughn, 100 Tenn., 284; Leech *v.* Hills-
man, 8 Lea, 747; Clark *v.* Jones, 93 Tenn., 641.

---

FROM SHELBY.

---

Appeal from Circuit Court of Shelby County.
J. S. GALLOWAY J.

PIERSON & EWING for Martin.

J. M. GREGORY for Stovall.

McFARLAND, Sp. J. This case involves the question
whether a will executed and probated in another
State, where the testatrix was domiciled, and after-
ward certified under the Act of Congress and filed

and recorded in this State, is subject to contest here under our statute.

Mrs. Ferreba A. Hill died during the month of August, 1898, in Coahoma County, Mississippi, where she was domiciled, leaving what purported to be a last will and testament, which was duly probated in common form as such on the 22d day of August, 1898, in the Chancery Court of Coahoma County, Mississippi.

The defendant, Wm. H. Stovall, was named as the executor of the said will, and on September 7, 1898, he filed the same in the Probate Court of Shelby County, Tennessee, for record, and the same was ordered filed and letters of administration were by said Court ordered to be issued to him as executor.

On October 19, 1898, Hugh Martin and wife, Sallie C. Martin, R. J. Cook, a minor, suing by his next friend, Hugh Martin, Paul Cook, Walter Cotter and his wife, Mary Cotter, filed their original petition in said Probate Court of Shelby County, Tennessee, in which they set out the facts hereinbefore stated in reference to the alleged will of Mrs. Ferreba A. Hill, and further stated that they were the only heirs at law and distributees of the said Mrs. Hill, and, as such, entitled, in the absence of a will, to the whole of her estate under the laws of the States of Tennessee and Mississippi.

It further alleged that the paper purporting to be the last will and testament as aforesaid, was not

valid, because Mrs. Hill, at the time of the alleged execution thereof, was insane, and, by reason of said insanity, incapable of making a will, and that she was unduly influenced to make said will by the said Wm. H. Stovall, who is named as executor therein, and by Mary Ann Sparks and her husband, J. H. Sparks, acting in collusion with said Wm. H. Stovall.

The petition prayed that the said paper, alleged to be the last will and testament of Mrs. Hill, be certified, as by law provided, to the Circuit Court of Shelby County, where the same might be contested as the law directs.

Wm. H. Stovall, the executor named in said will, appeared by his attorney, and moved to dismiss the said petition, assigning as the ground thereof, stated in various forms, that it was not shown in said petition that the alleged testatrix died seized and possessed of any real estate in the State of Tennessee, and that the probate of the will in the place of the domicile of the testatrix was valid, binding, and conclusive upon all parties until set aside in the Court where the original probate was had.

Thereupon the original petitioners, having obtained leave of the Court, on December 20, 1898, filed their amended petition, wherein they repeat the allegations of the original petition, and further set forth that the said Mrs. Ferreba A. Hill, at the time of her death, was the owner of mortgages upon real estate situated in Shelby County, Tennessee, for the sum of five thousand dollars, said mortgages hav-

ing been originally made to her husband, Jas. S.
Hill, and having been devised by him to his said
widow, and that by her said alleged will Mrs. Hill
attempted to dispose of the said mortgages and the
title to the said real estate.

The executor moved to dismiss the amended peti-
tion upon the same ground as that for dismissing
the original petition, and upon the additional ground
that said will of Mrs. Hill, having been probated in
the Chancery Court of Coahoma County, Mississippi,
the place of the domicile of the testatrix, that said
action of the Court in so admitting said will to
probate was final and conclusive under Sec. 1 of
Art. 4 of the Constitution of the United States,
which declares that "full faith and credit shall be
given in each State to the public acts, records, and
judicial proceedings of every other State."

The Court dismissed the original and amended pe-
titions at the cost of the petitioners, and denied to
said petitioners any relief.

Said petitioners have sued out a writ of error from
this Court to said Probate Court of Shelby County,
Tennessee, to review and reverse the said decree of
the Probate Court of Shelby County dismissing their
petition.

The first question presented by the contention of
the executor is that the action of the Chancery Court
of Coahoma County, Mississippi, was final and con-
clusive under Sec. 1, Art. 4, of the Constitution
of the United States, which decrees that "full faith

and credit shall be given in each State to the public acts, records and judicial proceedings of every other State."

It is submitted in support of this contention that the Constitution of the State of Mississippi gives the Chancery Court jurisdiction of all matters testamentary and of administration under Sec. 159, Mississippi Constitution; that Sec. 482 of Annotated Code of Mississippi carries that constitutional provision into effect, and that by Sec. 1813 of the Code of Mississippi wills shall be probated in and letters testamentary granted by the Chancery Court of the county in which the testator had fixed his place of residence. In the construction of these Sections of the Code, it has been held that a probate of will is the exercise of a judicial power, and the testament cannot be admitted of record until probated. *Fothere* v. *Lawrence,* 30 Miss., 416.

Sec. 1821, Code 1892, of Mississippi, provides that all parties interested may be made parties and those made parties are concluded.

Sec. 1822 gives two years to contest probate, and if not contested within that time it is conclusive. *Schlottman* v. *Hoffman,* 72 Miss., 188.

Sec. 1824. If after probate an issue of devisavit is made on trial, the probate is good.

In the probate of a will in Mississippi some direct proof that the testator was of sound and disposing mind must be given, even on the probate of a will in common form. *Martin* v. *Perkins,* 56 Miss., 204.

Martin *v.* Stovall.

Where a writing has been probated in common form as a will, it must be treated as the established will of deceased and in full force and effect until overthrown in a direct proceeding. *Tucker* v. *Whitehead,* 58 Miss., 762.

It is also held that where a Chancery Court is given special jurisdiciton, as in probate proceedings, the manner of exercising this jurisdiction does not affect its conclusiveness. 1 Pomeroy Eq., Part 1, Chap. 1.

It would seem, therefore, that under these constitutional and code provisions the admission to probate of a will in Mississippi is the exercise of a judicial power, and its judgment thereon conclusive in Mississippi as to all matters properly cognizant in the probate proceedings, and as against all parties properly before the Court in the proceedings; and also as a proceeding *in rem* conclusive as to the property covered by the will itself. The question, then, is, When this will is offered and probated in the State of Tennessee, and the personal property actually and constructively in Mississippi, what effect shall be given to this judicial proceeding in the State of Mississippi? The transmission of property by will is in many important particulars different from the transmission of title by deed or other proceedings. The power to dispose of property by will, says Judge Gray, in *Beitman* v. *Fox,* 100 Mass., 234, is not a natural nor constitutional right, but depends wholly upon the statute, and may be conferred, taken away,

or limited and regulated in whole or in part by legislation. And whatever theory we adopt, says the American edition of Jarman on Wills, as to the origin of wills and the law that governs them, they have become, as regards their construction, largely the creatures of statutory law. 3 Jarman on Wills, 721.

What law governs where there is a conflict of laws as between the statutory provisions of the several States is the prime question always to be determined. As to the testamentary capacity and form and manner of execution, in case of personalty the law of the testator's domicile governs. Story's Conflict of Laws, Secs. 51, 61, and 465; Wharton on Conflict of Laws, Sec. 569; Roberts on Wills, 8, page 525; Law of Domicile (Jacobs), Sec. 45.

As to real property, it is claimed by many that the same rule applies under the civil law as to personalty, but by the common law it is governed by the *lex loci rei sitae*. Story on Conflict of Laws, 431; Wharton on Conflict of Laws, 469.

This Court, in the case of *Williams* v. *Sanders,* 5 Coldwell, which will be referred to hereafter, says:

"It may be, therefore, said, as a rule of law alike applicable in this country and in England, that the *lex rei sitae* governs in case of immovable or real property, and the *lex domicilii* in cases of movable or personal property."

The reason for this rule seems to be that as to personal property it follows the person of the owner wherever situated, is to be governed by the laws of

Martin *v.* Stovall.

the domicile of the owner; and this rule applies to all questions of disposition by will as well as other means of disposition.

Again, probate proceedings. "are proceedings *in rem,*" and the judgments bind all persons, whether parties to the record or not. *Patton* v. *Allison,* 7 Hum., 328; *St. John Lodge* v. *Callender,* 4 Iredell L. R., 335; *Sawyer* v. *Heirs of Dozier,* 5 Iredell L. R., 97; *Enloe* v. *Sherrill,* 5 Iredell L. R., 212.

In *Pinson* v. *Ivey,* 1 Yerger, 349, this Court says: "Proceedings are had in the nature of proceedings *in rem* and without notice in Courts admitting wills to probate and granting administration, and the expectancy of heirs and distributees swept away when the weakness of infancy or residence in a foreign land should seemingly protect them, because of the permanent political consideration that the rights of property thus situated should be speedily settled by a legal ascertainment of them. All of which adjudications are directed by public policy and necessity, regardless, to some extent, of private rights."

And in *Fry* v. *Taylor,* 1 Head, 595, held to be a proceeding *in rem* and binding upon all interested whether parties or not.

"The proof of a will has been held to be a proceeding *in rem* because it determines the status of the subject-matter (*Woodruff* v. *Taylor,* 20 Vt.) and is conclusive and effectual for all purposes (*Creppen* v. *Dexter,* 13 Gray, 330)." 1 Wells Res Adjudicata, Sec. 576.

In this case now under examination, this record does not disclose the fact that in the proceedings in the State of Mississippi the parties now seeking to contest the validity of those proceedings were served with any notice or voluntarily appeared in those proceedings, and whatever faith and credit shall be given now in this Court to these acts and judicial proceedings of the Court of the State of Mississippi must be given by reason of the injunction of the Federal Constitution, as a proceeding *in rem* and under the principles of the common law discussed above. Statutes have been passed in our State with reference to the probate of wills in the foreign State, and are as follows:

Sec. 3916, Shannon's Code of Tennessee, provides for the recording of wills in Tennessee upon presenting a copy thereof duly authenticated, and says that when so recorded it shall have the same force and effect as if the original had been executed in this State and proved and allowed by the Courts of this State.

Sec. 3917 provides that such will, if proved according to the laws of this State, shall be sufficient to pass land and other estate.

Sec. 3918 provides for the authentication of the same under the Act of Congress.

Sec. 3921 provides that when there shall be goods and chattels in this State to be administered under such sale, the executors, or some one of them, may qualify as such, and shall give bond with surety as

required in cases where the will was made within the limits of this State, and be subject to be pro-ceeded against as in other cases.

Sec. 3922 provides that any person interested in contesting the validity of such will may do so in the same manner as though it had been originally pre-sented and probated in said Court. All of these provisions are taken from the Act of 1823.

This Court, in the case of *Williams* v. *Sanders,* 5 Cold., 60, has passed upon this Act of 1823 brought into these sections of the Code.

Says Judge Milligan: "The question involves the consideration of the effect of a foreign probate, and especially the effect of the probate of the will in question before the register of wills in the State of Pennsylvania. As a general rule, the judgment of a probate Court allowing proof of a will and ad-mitting it to probate, is in the nature of proceedings *in rem*—that is, an adjudication pronounced upon the status of a particular subject-matter by a tri-bunal having competent authority for that purpose, and therefore binding and conclusive upon the rights of all persons interested in the property to be administered, although not cited as parties." Red-field on Wills, Part 2, pp. 55, 56, and numerous au-thorities cited; *Creppon* ·v. *Dexter,* 13 Gray R., 330. 2 Smith's Leading Cases, 490; *Pallan Ex'r* v. *Alli-son,* 7 Hum., 320.

And again says: "Now, what is the effect of the judgment of probate in the State of Pennsylvania

when certified according to Act of Congress, in this
State? Under our statutes is it to be disregarded
and open in the State of Tennessee to re-probate and
contestation? We think clearly not. It is established
beyond all controversy, both in this country and in
England that the jurisdiction of Probate Courts be-
ing exclusive in regard to all matters pertaining to
the settlement of estates of deceased persons, the de-
cree of such Courts upon the probate of wills and
issuing letters testamentary as well as the administra-
tion, are absolutely unimpeachable and conclusive in
all other Courts both in law and equity. 'And such
decrees,' says Mr. Redfield on Wills, Part 2, p. 47;
'cannot be impeached even on showing fraud, except
by petition to the Court rendering the decree, who
may annul or modify the same.' "

The conclusion of the learned Judge, after a review
of this whole question, is that as to movable or per-
sonal property the probate of a will in another State
duly certified to this State under Act of Congress,
is conclusive. This conclusion is evidently arrived at
by considering what the law was before this statute,
and then determining that the statute did not in
terms so clearly change the common law as to estab-
lish a new rule as to movables.

Independent of this statute, and independent of the
"full faith and credit" requirements of the Federal
Constitution, the common law rule is as we have
shown *supra,* that movables or personal property is
governed by the *lex domicilii;* that proceedings of pro-

bate are proceedings *in rem,* and bind every one interested, whether parties or not. These two propositions have been approved by this Court in the cases of *Pinson* v. *Ivey,* 1 Yer., 349, and *Fry* v. *Taylor,* 1 Head, 595, cited *supra.* And that the comity of States and sound public policy require that these rules of common law should be applied to the probate proceedings of other States is approved in this case of *Williams* v. *Sanders,* 5 Cold., 60. This case has been the law of this Court for many years, and although not strictly a rule of property, having force only as to personalty, we think it should be now adhered to. Until some step is taken to set aside the probate made at the domicile of the testator, it is, as we have shown above, an adjudication binding as to this property within its jurisdiction.

It is contended upon the part of petitioners in this case, however, that inasmuch as the question, independent of the Federal Constitution, of what faith shall be given to the judicial proceedings of another State is one of comity, and that inasmuch as under the laws of Mississippi no faith and credit is given in that State to the probate of a will in a foreign State, that, therefore, this Court should, under the same rule, give no faith or credit to its judicial proceedings. This question, we do not think, should weigh in the construction of our own State statutes, as we think that the statutes of each State should be considered with reference to its own internal polity rather than a *lex talionis* to the statute

of other States. *Mahoren* v. *Hoar,* 9 Sm. & M., 347. The remaining question, then, to be determined is, What is the character of the property that is in controversy under this will? The amended petition, evidently filed by the petitioners to avoid the effect of this case of *Williams* v. *Sanders,* states that J. S. Hill, and the husband of said Ferreba A. Hill, at the time of his death was the owner of a mortgage on real estate situated in Shelby County, Tennessee, and that by will executed according to the laws of Mississippi and Tennessee, the said J. S. Hill devised said mortgage and his title to the said property in the said County of Shelby and State of Tennessee, to his wife, the said Ferreba A. Hill. They further state that by her will, herein filed and recorded, the said Ferreba A. Hill undertook to dispose of the said property and legal title to said real estate. The said mortgages were made and executed by D. O. Branch and his wife, Mary Branch, and are recorded in the register's office. Shelby County, Tennessee. It will be noticed that nothing is said in this petition as to the indebtedness these mortgages secure.

By reference, however, to the will of the said Ferreba A. Hill, which is a part of the record in this case and the will under contest, it will be noticed that she sets out in detail the debts which are secured by these mortgages.

In item 8 of this will there is bequeathed to Mary Branch, the wife of D. O. Branch, "three thousand dollars, to be credited upon the two notes which

I hold, executed by said D. O. Branch and his wife, Mary Branch, for twenty-five hundred dollars each, one of which is dated January 12, 1892, and due five years after date, and bears interest from date at 6 per cent. per annum; and the other is dated January 11, 1892, and due four years after date, and bears interest from date at the rate of 6 per cent. per annum."

It is evident, therefore, that the property in controversy in this cause is these two notes amounting to $5,000, secured by mortgage upon the property of the husband, D. O. Branch.

It is well settled in Tennessee that the mortgage is but an incident of the debt itself, however evidenced. It is equally well settled that promissory notes, although secured by mortgage, are personal property, and go to the administrator for the payment of debts, or, if no debts, then for distribution to the distributees of the deceased. This being so, then this case is brought clearly under the decision of *Williams* v. *Sanders,* supra, and the principles discussed herein. *McGan* v. *Marshall,* 7 Hum., 127; 12 Heis., 572. *Vaughn* v. *Vaughn,* 16 Pickle, 284; 8 Lea, 747; *Clark* v. *Jones,* 9 Pickle, 641.

The decree of the Court below is affirmed and the petition dismissed with costs.

----

DISSENTING OPINION.

WILKES, J. With all due deference for the very able opinion of the majority, I am unable to agree

with their holding and with the construction given to our statutes and the effect accorded by the opinion to the foreign probate of a will. It appears that this probate in Mississippi was in common form.

I am of opinion that while the probate of a will in common form, made in Mississippi, is binding and conclusive until set aside (as it is in Tennessee), still such probate in common form in Mississippi, as well as in any other foreign State in which the practice prevails, leaves the will subject to contest in Tennessee, under Sec. 3922 Shannon's compilation, to the same extent, and in the same manner as if the probate in common form had been made in Tennessee originally. To hold differently would be to give to a probate in common form in another State, upon its mere certification and registration here, the force and effect of a probate in solemn form, which is a greater effect than is accorded it at home.

To use the present will probated in common form in Mississippi as an illustration, by the statutes and decisions of that State probate in common form is held to be merely an incipient step to give the Court jurisdiction of the matter, and is not conclusive upon the parties interested, but may be opened and set aside in the Courts of that State upon sufficient legal grounds. *Hamberlin* v. *Terry,* 1 Smed. & M., 589; *Cowden* v. *Dobyns,* 5 Smed. & M., 82; *Wall* v. *Wall.* 30 Miss., 91 (S. C., 64 Am. Dec., 147).

And such proceeding in common form cannot be pleaded as *res adjudicata* in a direct proceeding to determine the validity of the will (*Martin* v. *Perkins,* 56 Miss., 204), and a probate in common form, may be set aside upon petition filed and sufficient legal grounds shown, without any issue of *devisavit vel non* being made up and tried by a jury. *Wall* v. *Wall,* 64 Am. Dec., 147.

This being the full force, effect, and extent of a probate in common form in the State of Mississippi, it would be an anomaly if the mere certification of such probate to this State and registration here should give the probate any greater weight or greater sanctity or more binding force than it possessed in the jurisdiction where the proceeding was had. The Constitution of the United States provides that full faith and credit shall be given in each State to the public acts, records, and judicial proceedings of every other State, and leaves it to Congress to declare the effect thereof. The act of Congress provides that judicial proceedings, properly authenticated, shall have such faith and credit given them in every Court in the United States as they have by law or usage in the Courts of the State whence the said records are or shall be taken. See Shannon's Code, p. 112.

Nor can the proceedings be given any greater weight or effect because of any spirit of comity supposed to exist towards our sister State.

The statute of Mississippi provides that personal property situated in that State shall be governed

19 P—2

and controlled in the distribution thereof by the laws
of that State, withtout regard to the domicile of the
owner, and without regard to the domicile of the·
persons entitled to receive the same. Mississippi
Code, 1892, Sec. 1542; *Carroll* v. *McPike,* 53 Miss.,
569. And by Sec. 1829 of that Code it is provided
that a will executed and . probated in another State,
and filed for record in Mississippi, is there subject
to contest in the same manner as if it had originally
been probated in that State.

It will be observed that these statutes reserve
rights not only in favor of citizens, but extend them
also to all persons, whether the heirs or persons en-
titled to distribution be in the State. of Mississippi
or not, as to all property within its boundaries.

Coming to the consideration of our own statutes,
we find all foreign wills put upon this same foot-
ing, whether probated in common form in some pro-
bate Court, or before the mayor of a city or corpo-
ration, the latter evidently referring to cases where
provision for probate is made before such mayor by
special law applicable to such locality. Now, what
is the status of such foreign will already probated
in another State in common form? It is, in short,
that when authenticated, filed, and registered in the
proper place in this State, it is also effectual as if
it had been probated in common form in this State
to pass both realty and personalty, and until that is
done it has no effect as a will.

This leads us to inquire what is the effect of a

will probated in common form in this State. Unquestionably, under the authorities, such probate is a proceeding *in rem,* and binding upon all the world unless set aside in the manner provided by statute. *Reaves* v. *Hager,* 50 S. W. Rep., 760, and the authorities there cited.

So the probate in common form in another State is a proceeding *in rem,* and binding upon all the world until set aside as provided by law. The evident purpose of our statutes is, in my opinion, to put foreign wills which have been probated in another State and then registered here exactly on the same footing that domestic wills probated in common form occupy; that is, each is probated by a proceeding *in rem,* and each is conclusive until set aside in the manner provided by law.

The most difficult question that arises is whether the proceeding to set aside the probate in common form must be taken in the forum where it was made in the foreign State, or whether such proceeding can be had in this State in the proper Court where it is offered for registration. To my mind our statute is plain and unambiguous that the proceeding may be had in our Courts and not necessarily in the foreign Court.

No other construction can be given the statute (Shannon, Sec. 3922), for it could not give power to any foreign jurisdiction, nor is this in antagonism to the effect given by the Act of Congress to the foreign probate, if that Act applies to such pro-

bates or to proceedings *in rem* without actual notice.
I am not now speaking of a probate in solemn form
with notice as upon an issue of *devisavit vel non* or
similar proceedings when the probate is by the law
made final, and not correctible except by appeal or
other proceeding in error.   Such was evidently the
character of the probate in Pennsylvania of the will
in controversy in *Williams* v. *Saunders,* reported in
5  Cold.,  60.

It can be said, however, with much force and
plausibility, that Secs. 3916 to 3922 of Shannon's
compilation  do  not  refer  to  wills  which  have
been  probated  in  another  State,  but  only  to  such
wills  as  have  been  there  proven  or  authenticated,
and  these  sections  use  the  word  proven  instead
of  probated  to  distinguish  between  wills  authenti-
cated  by  witnesses  and  those  probated  in  a  Court
proceeding.   It  must  be  noted,  however,  that  vir-
tually  all  of  our  statutes  in  regard  to  the  pro-
bate  of  wills  use  the  word  proven  instead  of
probated.

Thus  we  find  the  word  proven  in  Sec.  3896,
Shannon,  relating  to  the  probate  of  holographic
wills,  and  in  Secs.  3898,  3899,  3900,  relating  to
nuncupative  wills,  and  in  Sec.  3902  relating  to
the  place  of  probating,  and  in  Sec. 3904  relating
to  the  manner  of  probate  in  common  form,  and
in  Sec.  3910  relating  to  the  manner  of  probating
contested  wills;  in  short,  whenever  the  proceeding
is  referred  to  in  the  statutes,  the  term  used  is

Martin *v.* Stovall.

proving the will instead of probating it. The decisions of our Court treat the terms as synonymous, and as meaning the process of proving or probating, and not the mere authentication. I am aware of no proceeding to prove a will that is not at the same time a probate of it, except in the case of soldiers and sailors' wills, under Sec. 3923 of Shannon's compilation, which provides for the authentication by acknowledgment of the testator or proof by witnesses and a subsequent probate in the place of domicile, and this is the only section where the word probate is used instead of proved.

This we think, then, means that while a will may be proved as provided in that section, still it must be afterward probated in the domicile of the testator, and in such case the authentication is only *prima facie* evidence in case of contest. I do not think, therefore, that the sections of our statutes refer to wills which have been merely proven or authenticated, but to wills which have been proven in the sense of being probated. To hold differently will be to say that a will may be proven or authenticated in a foreign State, but not probated, and then upon registration here have all the effect of a probated will, or, in other words, that such foreign will may be made effective here though never probated anywhere or in any jurisdiction.

I do not think our statutes will bear this con-

struction. If so, then such will need never be probated, but simply its execution proven, and upon registration it becomes a perfect will.

It is tacitly conceded that a will of real estate, probated in common form in the foreign Court, may be contested in this State when it is presented for registration in this State where the land or a part of it lies, but the contention is that wills of personalty stand upon a different basis, inasmuch as the law of the testator's domicile is supposed to affect the latter but not the former, it being controlled by the law *rei sitae.* This would lead, as we think, to inconsistent consequences. We will illustrate by a will which disposes of both lands and personal property in both a foreign State and in this State. It has been probated in a foreign State and brought to this for registration. When offered here parties interested propose to contest it, and it is held they may do so as to realty but not as to personaly. We will suppose the ground of contest to be insanity. For that reason the will as to the land may be set aside, but not as to personalty. We will suppose the ground of the contest to be undue influence; the same result will follow. Or the ground may be revocation, and the result might be to set aside a will of realty, but the same act would not suffice to set aside the will of personalty. The true doctrine is that the domicile fixes the personal status of the testator and

Martin *v.* Stovall.

controls the disposition of property in that State, but not exclusively the place of probate. The domicile does not even fix the power of capacity to make a will absolutely; for this Court has held that a will executed in a foreign State may be valid to pass real estate in this State while it is invalid and of no force in the forum where it was executed. *Carpenter* v. *Bell*, 12 Pickle, 294.

For these and other reasons I do not concur in the view of the majority.