Marie Alice CAMPBELL, Administratrix ad litem of the Estate of Edd Campbell, Plaintiff-Appellant,

v.

Brad MILLER, Tennessee Paving Company, Inc., and CFW Construction Company, Inc., Defendants-Appellees.

Court of Appeals of Tennessee,
Middle Section.

Aug. 26, 1977.

Certiorari Denied by Supreme Court
Oct. 17, 1977.

Michael Murphy, Ben H. McFarlin, Jr., Murfreesboro, for plaintiff-appellant.

Granville S. R. Bouldin, Murfreesboro, W. A. Moody, James C. Summers, Nashville, for defendants-appellees.

SHRIVER, Presiding Judge.

## OPINION

This is a suit for damages for breach of contract. The case was heard by Judge John H. Henderson, holding the Chancery Court of Rutherford County by designation, and after a hearing, plaintiff's cause of action was dismissed, from which judgment and decree plaintiff has appealed and assigned errors.

—The Pleadings and Proceedings Below—

Plaintiff, Mary Alice Campbell, was appointed Administratrix ad Litem of the estate of her deceased husband, Edd Campbell, and in that capacity filed her original complaint reciting that she is the widow of Edd Campbell, who died intestate April 8, 1973; that defendant, Brad Miller, is a citizen and resident of Rutherford County, Tennessee, and Tennessee Paving Company and CFW Construction Company are corporations existing under the laws of Tennessee.

It is alleged that plaintiff and her deceased husband were in possession, control and custody of certain real estate located in Rutherford County, Tennessee, pursuant to a contract to purchase said real estate, which contract is dated April 5, 1966 and recorded in the Register's Office of Rutherford County; that at the time of his death, Edd Campbell was an employee of Tennessee Paving Company and that several months prior to his death, he entered into an oral contract with Brad Miller, who was acting either on his own behalf or as an agent for Tennessee Paving Company or CFW Construction Company, or both, whereby defendant Miller and/or the principals on whose behalf he was acting, was granted the right to remove dirt and rock

from an old hole or "borrow pit" located on the above mentioned property. The consideration for such grant to the defendants was their promise (1) to pay the sum of ten cents for each cubic yard of dirt and rock removed; (2) to repair any and all damages done as a result of the removal of the dirt and rock; and (3) to refill the old hole or "borrow pit" and any new holes created as a result of dirt and rock removal, said refilling and repairs to be made when the dirt and rock removal was completed.

The size and dimensions of the dirt and rock removed is set forth in the complaint and it is alleged that at the date of this complaint (October 25, 1974), more than one year had passed since the dirt and rock removal was completed pursuant to the contract, and it is further stated:

"While payment for the dirt and rock removed pursuant to the contract in question has been received, and some nominal filling of the holes in question was begun prior to Mr. Campbell's death, no effort to refill any part of the hole, holes, pit or pits in question has been made since Mr. Campbell's death. Further, although some effort was likewise made to repair the damages done to the buildings identified above and to render the wells useable, again prior to Mr. Campbell's death, such repairs or efforts to repair were incomplete and insufficient to restore the buildings to their former condition; only one well has been restored to useable condition by the installation of a filter; and no efforts to complete such repairs and restoration of use have been made since Mr. Campbell's death.

Wherefore, plaintiff sues defendants for damages in the amount of $50,000.00 for breach of contract for the use and benefit of the heirs and next-of-kin of Edd Campbell, deceased, and she demands a jury to try the issues of fact to be joined."

The answer of the defendants, inter alia, denies that the deceased, Edd Campbell, entered into an oral contract with Brad Miller, as alleged. They deny every allegation in Paragraph IV of the Complaint which sets forth the approximate number of cubic yards of dirt, rock and other material removed from the land in question, and defendants deny that they contracted to fill any holes in the property in question and deny having done any damage by blasting, or otherwise, to said property.

By way of affirmative defense, they say that the complaint fails to state a claim upon which relief can be granted and then set forth several other grounds of affirmative defense which will be discussed hereinafter in connection with the motion to dismiss and the Chancellor's ruling thereon.

In response to a request for admissions, defendants assert that they cannot admit or deny the allegations with respect to the quantity of dirt and rock removed from the land in question but to admit that $2.00 a cubic yard is a reasonable cost for transporting and dumping dirt to fill a hole or borrow pit, provided the material could be obtained close at hand and did not require hauling for an excessive distance.

In response to interrogatories propounded by the plaintiff, it is asserted that Ira Bradford Miller was at the time in question President of Tennessee Paving Company, Inc., and Vice-President of CFW Construction Company and, in answer to the question seeking the names and addresses of any and all witnesses to any agreements made by or on behalf of the defendants with Edd Campbell respecting the hole or borrow pit subject of this litigation, the following are listed: Willard Richardson, Tennessee Paving Company, Murfreesboro, Tennessee; Ira Bradford Miller, Riverview Drive, Murfreesboro, Tennessee; Houston Jordan, c/o CFW Construction Company, Fayetteville, Tennessee. Certain other interrogatories were objected to and not answered.

—Judgment of the Court—

The final decree entered June 25th, 1976 recites:

### "JUDGMENT

This cause came on to be heard before the Honorable John H. Henderson, sitting as Chancellor by designation, upon the

complaint, answer, interrogatories, motion to amend, discovery deposition and, in fact, upon the entire record in the cause, whereupon the plaintiff moved the Court for leave to voluntarily dismiss the defendant Brad Miller as a party defendant in the cause, and further for leave to amend her complaint by the deletion in its entirety of Paragraph III thereof and the substitution in lieu thereof of the following:

[Here follows allegations that Edd Campbell entered into an oral contract with either Tennessee Paving Company or CFW Construction Company, or both, granting one or the other or both defendants the right to remove dirt or rock, etc., thus, eliminating Brad Miller, individually, as a defendant. Said motion being unopposed, was granted.]

"Whereupon the defendants moved the Court to dismiss the complaint for:

(1) Want of capacity, apparent on the face of the record in the plaintiff to prosecute the action in the capacity of an Administrative ad Litem.

(2) Failure to join indispensable parties to the action, to-wit: the vendors named in the contract referred to in Paragraph II of the complaint, the owners and holders of certain indebtedness upon the realty referred to in the said contract, W. M. Dye and wife, Zelma Dye, and the Trustee under the deed of trust referred to thereon, Ewing Smith.

(3) Want of capacity on the part of the decedent Edd Campbell to contract as alleged in the complaint because of lack of any sufficient legal interest in the realty in question.

(4) Want of capacity in the decedent Edd Campbell to contract as alleged in the complaint with reference to the realty described therein because of failure of his wife, who owned such interest as he had with him as a tenant by the entirety, to join in the alleged contract.

(5) The reason that the alleged contract was purportedly oral and did not, therefore, comply with the provisions of T.C.A. § 23–201 requiring contracts not to be performed within the period of one year to be in writing.

(6) The reason that the allegations of the complaint as to the alleged contractual liability of the defendants CFW Construction Company and Tennessee Paving Company are in the disjunctive and do not allege any factual basis for asserting liability against either defendant, but assert that one or the other contracted with the decedent.

And after consideration of the record, including the discovery deposition of the plaintiff, and the statement of counsel for the plaintiff made in open Court to the effect that the decedent Edd Campbell had entered into an alleged oral contract, and the admission of counsel for the plaintiff made in open Court that a copy of the contract of sale from Lindell R. Buchanan and wife, Dorothy M. Buchanan, sellers, to Edd Campbell and wife, Marie H. Campbell, purchasers was in fact a true and correct copy of the only indicia of title or source of interest in question held by the decedent Edd Campbell, or his widow, Marie H. Campbell, the Court was of the opinion that the first ground of the motion should be overruled, and that the plaintiff had standing to prosecute the suit as administratrix-ad-litem; that the plaintiff had failed to join indispensable parties as asserted in the second ground of the motion, and that it should be sustained as to such ground; that there was a want of capacity in the decedent Edd Campbell to contract as alleged with reference to the realty in question because of lack of sufficient ownership therein; and that the third ground of the motion to dismiss predicated on same should be sustained; that the decedent Edd Campbell lacked sufficient capacity to contract as alleged with reference to the realty described in the complaint, without the joinder of his co-tenant, the plaintiff, Marie H. Campbell, in such contract, and that the fourth ground of the motion to dismiss should therefore be sustained; that it did not appear that the alleged contract could not be performed within one year, and therefore

the fifth ground of the motion should be overruled; and that the allegations of liability made against the defendants, CFW Construction Company, Inc., and Tennessee Paving Company, Inc., are in the disjunctive, allege that one or the other of said defendants entered into the contract alleged, and therefore do not charge either with liability to the plaintiff, and the sixth ground of the said motion should therefore be sustained.

It is accordingly so found, and adjudged, and it is ORDERED, ADJUDGED AND DECREED that the complaint be, and the same is hereby by the Court, dismissed by reason of the second, third, fourth and sixth grounds contained in the motion to dismiss.

To all of which action adverse to them, both the plaintiffs and the defendants then excepted and now except.

ENTER:

/s/ John H. Henderson
CHANCELLOR BY DESIGNATION"

—Assignments of Error—

There are eight assignments which we will discuss in the order in which they are presented.

The discovery deposition referred to in the final decree is not included in the record and we have no bill of exceptions in this case but are confined to the technical record on appeal.

A superficial consideration would indicate that, in the absence of a bill of exceptions, we must presume that the Trial Judge had before him evidence sufficient to sustain his conclusions of fact and that, therefore, his decree must be affirmed. *Norris v. Richards*, 45 Tenn.App. 100, 320 S.W.2d 730 (1959).

On the other hand, a careful examination of the final decree indicates that most of the grounds on which the complaint was dismissed were those included in a motion of the defendants to dismiss and which involved questions of law. This being true, we will discuss the assignments as they have to do with the grounds asserted by the Chancellor as being those on which he acted in dismissing the complaint.

■ We concur in the action overruling the first ground of the motion which charges want of capacity in the plaintiff to prosecute the action as Administratrix ad Litem.

*Assignment No. 1* charges error in sustaining the second ground of the motion in dismissing the complaint for failure to join allegedly indispensable parties, when said parties were not, as a matter of law, necessary or indispensable.

From a careful examination of the record, we are of opinion that the learned Chancellor was in error in sustaining the second ground of the motion and that the complaint was not fatally defective by omitting indispensable parties.

■ On the face of the original complaint, Edd Campbell, deceased, had a contract for the removal of dirt and rock from land which he had agreed to purchase under a contract which had been recorded in Rutherford County where the land was located, and while the holder of a mortgage on the land might, with propriety, have been included as a defendant, the failure to include the mortgagee or the trustee under the deed was not fatal to plaintiff's action.

As is said in *59 Am.Jur.2d 361, "Parties," Sec. 13,* only a person who will be directly affected by a decree and whose interest is not represented by any party to the litigation is an indispensable party, and for a party to be indispensable, he must have such an interest as cannot be separated from that of the parties to the litigation.

Assignment No. 1 is sustained.

*Assignment No. 2* charges error in dismissing the appellant's complaint for alleged want of capacity on the part of appellant's decedent to enter into a binding contract with respect to real property because of insufficient ownership therein.

■ Again, the general rule is stated that a contract for the sale of land operates as an equitable conversion and the vendee's interest under the contract becomes realty

and the vendor's interest becomes personalty, and in equity the vendee is regarded as the owner, subject to liability for the unpaid price, and the vendor is regarded as holding only the legal title in trust for the vendee from the time a valid contract for the purchase of land is entered into. 77 Am.Jur.2d 478–479, "Vendor and Purchaser," Sec. 317.

In *Richardson v. Snipes,* 46 Tenn.App. 494, 330 S.W.2d 381 (1959), it was held:

"Purchase contract providing for part payment by transfer of purchaser's property was a valid contract, the consideration for which was reciprocal promises of the parties thereto; and the fact that the obligation to perform, on the part of the vendor, was conditioned upon rezoning of purchaser's property, was immaterial."

Again, in *Yates v. State,* 206 Tenn. 118, 332 S.W.2d 186 (1960), it was said that a title bond is simply an executory substitute for a deed. And, as was said in *Skaggs v. Kelly,* Tenn.Ch.App., 42 S.W. 275, a purchaser in possession under a title bond is treated as the equitable owner and may mortgage, sell, or devise his interest.

In *Bates v. Dennis,* 30 Tenn.App. 94, 203 S.W.2d 928 (1947), it was held:

"If there was a valid executory contract between vendor and purchaser, then in the eyes of equity ownership of realty passed to the purchaser even though no deed was executed, and in that event the vendor would hold legal title on a naked trust which would follow it into the hands of the vendor's heirs on the vendor's death, under the maxim that equity regards that done which ought to have been done."

The Chancellor sustained the third ground of the motion to dismiss predicated on lack of sufficient ownership by plaintiff's decedent and we think the Chancellor was in error; therefore, Assignment No. 2 is sustained.

*Assignment No. 3* charges error in dismissing the complaint for the alleged lack of capacity on the part of appellant's decedent to enter into a binding contract with respect to the real estate in question without the joinder of his wife.

It should be observed that the plaintiff, Mrs. Campbell, wife of the deceased, did not raise any objection to her husband's action in contracting with defendants for the removal of some soil and rock; furthermore, by her action in qualifying as Administratrix ad Litem and in seeking the relief prayed for in her complaint herein, she must be regarded as having acquiesced in and ratified the action of her husband in making the contract in question.

Furthermore, personal representatives have both the right and the duty to marshal and collect assets and enforce choses in action which existed in favor of the deceased. This has been asserted in numerous cases in Tennessee and elsewhere. See *Ketchum v. Dew,* 47 Tenn. 532; *Martin v. Stovall,* 103 Tenn. 1, 52 S.W. 296, 48 L.R.A. 130.

We see no merit in the fourth ground of the motion and, therefore, Assignment No. 3 challenging the Chancellor's action thereon is sustained.

*Assignment No. 4* charges error in dismissing appellant's complaint for disjunctive allegations of contractual liability.

Rule 8.05(2), Tennessee Rules of Civil Procedure, is as follows:

"A party may set forth two or more statements of a claim or defense alternately or hypothetically. When two or more statements are made in the alternative and one of them if made independently would be sufficient, the pleading is not made insufficient by the insufficiency of one or more of the alternative statements. A party may also state as many separate claims or defenses as he has, regardless of consistency."

The Committee Comment thereunder concludes:

". . . Rule 8.05(2) allows greater latitude in the statement of all claims or defenses a party has, and expressly permits inconsistent pleading."

Under Rule 18, Tennessee Rules of Civil Procedure, a party asserting a claim to

relief may join either independent or alternative claims, legal or equitable, in contract or in tort.

■ We are of opinion that the sixth ground of the motion to dismiss based upon the assertion of liability against either or both defendants should not have been sustained; therefore, Assignment No. 4 is sustained.

■ In this connection, it should be noted that the Chancellor overruled the fifth ground of the motion charging that the contract violated the one year Statute of Limitations with respect to the performance of an oral contract, and we concur in the Chancellor's ruling on that question.

The remaining *Assignments Nos. 5, 6, 7 and 8,* charge error in refusing appellant's request to amend her complaint after the final decree has been entered.

■ It was largely discretionary with the Chancellor to allow or disallow amendments under the circumstances presented in this case and we are unwilling to hold that it was reversible error to decline to grant permission to amend as was sought by plaintiff. However, a careful examination of this entire record convinces us that, in essence, the Chancellor dismissed the complaint on grounds which were not based on findings of facts but upon grounds involving questions of law, as to which we disagree with him.

It is our conclusion that this case was erroneously dismissed without a hearing on the merits and that such a hearing should be accorded these parties; therefore, the decree of the Chancellor is reversed and the cause will be remanded to the Trial Court for a hearing on the merits with opportunity afforded plaintiff and the defendants to amend their pleadings in such fashion as will enable the Court to examine the merits of the case, both as to facts and law, and render judgment accordingly.

REVERSED AND REMANDED.

TODD, J., concurs.

GILLIAM, Special Judge, concurs.