FILED
06/28/2019
Clerk of the
Appellate Courts

# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
May 20, 2019 Session

## ROY EDWARD BANE, EXECUTOR OF THE ESTATE OF MARTHA HARRISON BANE v. JOHN BANE ET AL.

**Appeal from the Chancery Court for Cocke County**
**No. 2014-CV-103          Telford E. Forgety, Jr., Chancellor**

———————————————————

**No. E2018-00790-COA-R3-CV**

———————————————————

The trial court granted a default judgment to the plaintiff in March 2009, which judgment invalidated a deed for real property transferred from the plaintiff to her son and daughter-in-law. The trial court subsequently set aside the default judgment without making sufficient findings of fact and conclusions of law concerning the basis for the ruling. Following a consequent bench trial, the trial court upheld the deed from the plaintiff to her son, although the plaintiff sought to have the deed set aside based on undue influence and fraud. The plaintiff has appealed. Based upon our determination that the trial court failed to make sufficient findings of fact and conclusions of law in its order that set aside the default judgment, we vacate both the trial court's final order and the order setting aside the default judgment. We remand this matter to the trial court for entry of sufficient findings of fact and conclusions of law regarding the legal basis of the trial court's decision to set aside the default judgment, or, in the alternative, reconsideration of that judgment.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Vacated; Case Remanded

THOMAS R. FRIERSON, II, J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and CHARLES D. SUSANO, JR., J., joined.

Thomas M. Leveille, Knoxville, Tennessee, for the appellant, Roy Edward Bane, Executor of the Estate of Martha Harrison Bane.

J. Patrick Stapleton, Sevierville, Tennessee, for the appellees, John Bane; Anne Bane; and Elizabeth Caldwell Kingery, Executor of the Estate of J. Alan Kingery.

**OPINION**

## I. Factual and Procedural Background

On December 15, 2008, Martha Harrison Bane filed a "Complaint for Cancellation of Deed Induced by Fraud and Undue Influence" ("first action") against her son and daughter-in-law, John and Anne Bane ("Defendants") in the Cocke County Chancery Court ("trial court").[1] In her complaint, Ms. Bane alleged that Defendants had exerted undue influence over her and had fraudulently induced her to transfer a tract of real property to them. Although all of the parties were residents of Virginia, the property in question ("the Property") is located in Cocke County, Tennessee.

Ms. Bane asserted, *inter alia*, that at the time of the Property's transfer in 2003, John Bane was acting as her attorney-in-fact. Ms. Bane alleged that John Bane falsely represented that she needed to sign the deed transferring title to the Property to Defendants as part of Ms. Bane's estate plan. Ms. Bane further alleged that Defendants informed her the deed would be placed in a lock box and would not be recorded until after her death. According to Ms. Bane, she had no intention of transferring title for the Property to Defendants at the time she signed the deed; rather, she intended for them to receive it only following her death.

Ms. Bane further asserted that upon her discovery of the transfer of the Property, she revoked the power of attorney granted to John Bane and demanded that he and his wife convey title back to her. Upon John Bane's refusal to do so, Ms. Bane filed this action, seeking title to the Property, damages, and an award of attorney's fees. A copy of the deed transferring the Property to Defendants was attached to the complaint.

On March 23, 2009, the trial court entered an order, finding that Defendants had received proper service of process and had failed to answer the complaint or otherwise appear. The court thus entered a default judgment, which set aside the deed from Ms. Bane to Defendants. A Clerk and Master's Deed was accordingly issued, transferring title to the Property back to Ms. Bane.

Ms. Bane subsequently instituted a separate action by filing a "Complaint for Cancellation of Deed of Trust" ("second action") with the trial court on August 27, 2014. In this complaint, Ms. Bane named John and Anne Bane as defendants as well as J. Alan Kingery, Anne Bane's father. Ms. Bane alleged that on June 20, 2007, Defendants had executed a Deed of Trust in favor of Mr. Kingery in the amount of $250,000, which required no payments and set forth no associated interest rate. According to Ms. Bane,

---

[1] Because several of the parties and witnesses in this matter share the same surname, we will refer to the mother, Martha Bane, as "Ms. Bane" and will refer to her children by their full names throughout this opinion in order to avoid any confusion.

Mr. Kingery did not pay any money to Defendants upon the execution of the deed of trust. Rather, Ms. Bane alleged that the trust deed was executed to create a cloud on the title to the Property. Ms. Bane sought to have the deed of trust set aside.

Mr. Kingery subsequently filed a motion to intervene in the first action, asserting that he was an indispensable party thereto. In addition, Mr. Kingery and Defendants filed motions to have the default judgment from the first action set aside.[2] On March 30, 2015, the trial court entered an order granting the motions to set aside the default judgment and finding Mr. Kingery to be a necessary and indispensable party. Rather than granting Mr. Kingery's motion to intervene in the first action, the trial court consolidated the first action with the second action, which permitted Mr. Kingery to proceed as a named party and rendered the motion to intervene moot. The court entered a subsequent order on September 15, 2015, allowing the intervention of the Martha Bane Trust as a party to the consolidated cases.

On October 13, 2016, Defendants and Mr. Kingery filed a joint motion seeking sanctions against Ms. Bane for failing to appear for her scheduled deposition. The trial court subsequently entered an order directing Ms. Bane to appear for a deposition within thirty days. On December 8, 2016, Defendants and Mr. Kingery filed a renewed motion for sanctions, claiming that Ms. Bane had appeared for a deposition on December 2, 2016, but that the deposition was not completed because Ms. Bane was not feeling well. On July 11, 2017, Elizabeth Caldwell Kingery was substituted as a party in place of Mr. Kingery, who had recently passed away.

The trial court conducted a bench trial on February 6, 2018. The trial court then entered a final order on February 12, 2018, wherein the court dismissed Ms. Bane's claims with prejudice. The Clerk and Master's deed executed in 2009, which had conveyed title for the Property to Ms. Bane, was set aside, as well as subsequent deeds conveying the Property to the Martha Bane Trust. The court specifically upheld the deed from Ms. Bane to Defendants and the deed of trust in favor of Mr. Kingery.

In its memorandum opinion incorporated into the final judgment, the trial court explained in pertinent part:

> The Court has listened to the evidence, which by the way is really in many respects confusing and just terribly convoluted, the dealings between the parties, terribly convoluted, but at the end of the day the Court is constrained to dismiss the complaint. The Court will explain its reasoning.

---

[2] Although the trial court's March 30, 2015 order recites that these motions were filed, copies of the motions have not been included in the appellate record.

First of all, [Ms. Bane] claims that Mr. John Bane held a power of attorney for Martha Harrison Bane, which he did for sure, held a power of attorney which was dated May 9, 2003. The deed made from Martha Harrison Bane to John Bane was dated . . . October 20, 2003. John Bane held a deed of trust, or rather a power of attorney for his mother Martha Bane certainly in October of 2003. From the record here, the Court cannot find that there had been any use of the power of attorney between the time it was granted in May of 2003 and the time the deed was made in October of 2003.

There may have been use of the power of attorney after that, but there's no evidence in the record here that there was use of the power of attorney between May and October. Accordingly, I don't think the presumption of undue influence by reason of a confidential relationship between John Bane and Martha Bane, I don't think that presumption arises with respect to this transaction.

I also note that there's no evidence in the record that the power of attorney was used in connection with the very deed at issue. Martha Bane signed the deed herself. John Bane did not sign the deed as power of attorney for Martha Bane as grantor and himself as grantee. Martha Bane herself signed it.

* * *

Perhaps more importantly to the Court, there are a series of deeds in the record beginning with Exhibit 15 and running through Exhibit 19, deeds where -- deeds of gift, that's what they're styled, deeds of gift where Martha Bane made deeds of gifts for real property to some of her children, particularly Exhibit 15, a deed from Martha Bane to Philip Bane, one of her sons.

Another deed, Exhibit 16, from Martha Bane to Philip Bane. Again, her son.

Then Exhibit 17, a deed from Martha Bane to Martha B. Carnes. Martha B. Carnes is a daughter of Martha Harrison Bane. It's dated May 21, 2003.

A deed July 7, 2003 between Martha Bane and Martha Carnes, Exhibit 18.

A deed dated April 2, 2004 from -- again a deed of gift. All of these are styled deeds of gift. April 2nd, 2004 from Martha Bane to George Annis and Elizabeth Harrison Annis, A-n-n-i-s, Exhibit 19.

And then in between those deeds, in the same time series, was the deed that's at issue here, a deed to John Bane. What does that tell the Court? It tells the Court that Martha Bane, for whatever reason, reasons that were sufficient to her at the time, was making deeds for property she owned to her children, probably perhaps for estate planning purposes, perhaps just she wanted to go ahead and get it done before she died. Whatever her reasons, she was giving her property away to her children. And John Bane, by the way, wasn't the only one. He was one of the ones, but he wasn't the only one.

The evidence also shows that at the same time she made a deed to John Bane for eight acres in Cosby, which by the way was the Harrison home place. At the same time she made that deed, she made another deed to her son Tom Bane. By the way, Tom Bane testified here and the Court was very much impressed with his credibility, I must say, just very much impressed with Tom Bane's credibility.

The trial court further explained that the survey map demonstrated that someone had the property surveyed and divided it so that Tom Bane and John Bane received tracts that were exactly the same size. The court also found that Tom Bane had testified that Ms. Bane told him shortly after the transfer that she had deeded the Property to John Bane and that he had begun work on it.

According to the trial court's findings, Tom Bane also testified that some years later, in 2008, Ms. Bane called him and asked him to give the property back that she had deeded to him. Tom Bane did so. Ms. Bane then filed the lawsuit against John Bane to recover the Property. The court found that John Bane exerted no undue influence over Ms. Bane. Rather, the court determined that a rift had developed among Ms. Bane's children, which originated with Roy Bane's actions, causing Ms. Bane to change her mind concerning the transfers of property.

On February 28, 2018, Ms. Bane filed a motion to reopen the proof or to alter or amend the judgment. The trial court denied the motion by order dated April 2, 2018. Ms. Bane filed a notice of appeal on May 1, 2018. On September 14, 2018, Defendants and Elizabeth Caldwell Kingery filed a "Suggestion of Death and Motion to Dismiss" in this Court, stating that Ms. Bane had passed away on June 14, 2018. Roy Bane subsequently filed a motion seeking to substitute himself, both as personal representative of Ms. Bane's estate and as trustee of the Martha Bane Trust, as the appellant in this matter. This Court entered an order on October 30, 2018, denying the motion to dismiss

- 5 -

and directing the clerk to substitute Roy Bane, executor of the Estate of Martha Harrison Bane ("the Estate"), in place of Ms. Bane as the appellant.

## II. Issues Presented

The Estate presents the following issues for our review, which we have restated as follows:

1. Whether the trial court erred by setting aside the default judgment entered against Defendants based upon the court's finding that Mr. Kingery was an indispensable party.

2. Whether the trial court erred by excluding Ms. Bane's deposition transcripts as evidence at trial.

3. Whether the trial court erred by finding that no confidential relationship existed between Ms. Bane and John Bane sufficient to give rise to a presumption of undue influence.

4. Whether the trial court erred by alternatively ruling that the evidence was sufficient to rebut the presumption of undue influence.

5. Whether the trial court erred by declining to find that Mr. Kingery's trust deed was void for lack of consideration and was executed in an attempt simply to establish a lien on the title to the Property.

6. Whether the trial court erred by declining to grant Ms. Bane's motion to reopen the proof or alter or amend the final judgment.

## III. Standard of Review

Our review of the trial court's judgment following a non-jury trial is *de novo* upon the record with a presumption of correctness as to the trial court's findings of fact unless the preponderance of the evidence is otherwise. *See* Tenn. R. App. P. 13(d); *Rogers v. Louisville Land Co.*, 367 S.W.3d 196, 204 (Tenn. 2012). "In order for the evidence to preponderate against the trial court's finding of fact, the evidence must support another finding of fact with greater convincing effect." *Wood v. Starko*, 197 S.W.3d 255, 257 (Tenn. Ct. App. 2006) (citing *Rawlings v. John Hancock Mut. Life Ins. Co.*, 78 S.W.3d 291, 296 (Tenn. Ct. App. 2001)). We review the trial court's conclusions of law *de novo* with no presumption of correctness. *Hughes v. Metro. Gov't of Nashville & Davidson Cty.*, 340 S.W.3d 352, 360 (Tenn. 2011). The trial court's determinations regarding witness credibility are entitled to great weight on appeal and shall not be disturbed absent

clear and convincing evidence to the contrary. *See Morrison v. Allen*, 338 S.W.3d 417, 426 (Tenn. 2011); *Jones v. Garrett*, 92 S.W.3d 835, 838 (Tenn. 2002).

A trial court's decision concerning whether a default judgment should be set aside is reviewed by this Court under an abuse of discretion standard. *See Patterson v. SunTrust Bank*, 328 S.W.3d 505, 509 (Tenn. Ct. App. 2010). As our Supreme Court has explained:

> An abuse of discretion occurs when a court strays beyond the applicable legal standards or when it fails to properly consider the factors customarily used to guide the particular discretionary decision. A court abuses its discretion when it causes an injustice to the party challenging the decision by (1) applying an incorrect legal standard, (2) reaching an illogical or unreasonable decision, or (3) basing its decision on a clearly erroneous assessment of the evidence.

*Lee Med., Inc. v. Beecher*, 312 S.W.3d 515, 524 (Tenn. 2010) (internal citation omitted).

## IV. Default Judgment

The Estate first argues that the trial court erred by setting aside the March 2009 default judgment entered against John and Anne Bane. The Estate posits that the trial court erroneously determined that Mr. Kingery was a necessary and indispensable party in the first action. The Estate further asserts that the motions seeking to set aside the default judgment were untimely.

Pursuant to Tennessee Rule of Civil Procedure 55.02, default judgments may be set aside "[f]or good cause shown" and "in accordance with Rule 60.02."[3] Tennessee Rule of Civil Procedure 60.02 provides in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (3) the

---

[3] Despite the reference to Tennessee Rule of Civil Procedure 60.02 contained within Rule 55.02, this Court has noted that "[a] party against whom a default judgment has been entered may seek relief from that judgment by filing a motion to alter or amend the judgment under Tenn. R. Civ. P. 59 or a motion for relief from judgment under Rule 60." *See Estate of Vanleer v. Harakas*, No. M2001-00687-COA-R3-CV, 2002 WL 32332191, at *4 (Tenn. Ct. App. Dec. 5, 2002). Furthermore, as our Supreme Court has explained, if the default judgment does not adjudicate all claims against all parties and, therefore, is not a final judgment, the defaulting party may seek to have it set aside under Tennessee Rule of Civil Procedure 54.02. *See Discover Bank v. Morgan*, 363 S.W.3d 479, 491 (Tenn. 2012).

judgment is void; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that a judgment should have prospective application; or (5) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1) and (2) not more than one year after the judgment, order or proceeding was entered or taken.

We note that courts should "construe requests for relief pursuant to Rule 60.02 much more liberally in cases involving default judgment than in cases following a trial on the merits." *Patterson,* 328 S.W.3d at 512 (quoting *Henry v. Goins*, 104 S.W.3d 475, 481 (Tenn. 2003)).

The party who seeks to set aside the default judgment has the burden of demonstrating that he or she is entitled to relief. *See Purdy v. Smith*, No. M2012-02463-COA-R3-CV, 2014 WL 2194451, at *3 (Tenn. Ct. App. May 23, 2014). In addition, "a Rule 60.02 motion filed for reasons (1) or (2) must be filed no later than one year after the judgment or order was entered." *Rogers v. Estate of Russell*, 50 S.W.3d 441, 445 (Tenn. Ct. App. 2001). Although a motion filed pursuant to Rule 60.02(3), asserting that the underlying judgment is void, has no time limitation, *see Turner v. Turner*, 473 S.W.3d 257, 269 (Tenn. 2015), all other motions made pursuant to Rule 60.02 must be filed "within a reasonable time." *See* Tenn. R. Civ. P. 60.02; *Rogers*, 50 S.W.3d at 445.

Relief from a default judgment is typically sought due to allegations of "mistake, inadvertence, surprise or excusable neglect." *See, e.g., Discover Bank v. Morgan*, 363 S.W.3d 479, 491-92 (Tenn. 2012); *Patterson,* 328 S.W.3d at 511. In that context, regardless of whether relief from a default judgment is sought under Rule 54, 59, or 60, the trial court must determine (1) whether the default was willful, (2) whether the defendant has a meritorious defense, and (3) the level of prejudice that may occur to the non-defaulting party if relief is granted. *See Discover Bank*, 363 S.W.3d at 492; *Tenn. Dep't of Human Servs. v. Barbee,* 689 S.W.2d 863, 866 (Tenn. 1985). The primary consideration, however, is whether the defaulting party's conduct was willful. *See Discover Bank*, 363 S.W.3d at 492-93.

In the case at bar, the trial court found in the order granting default judgment that Defendants had been properly served with process in the first action via certified mail and that notice was also published in the local newspaper. Nearly five and one-half years later, Defendants and Mr. Kingery filed motions seeking to set aside the default judgment. The trial court granted the motions by order dated March 30, 2015, stating as the sole basis for its ruling that "J. Alan Kingery was a necessary and indispensable party to the action [filed in 2008 by Ms. Bane] but was not named or otherwise noticed by the

Plaintiff in that cause." The trial court provided no factual findings or legal analysis to support this conclusion.[4]

As previously noted, the motions seeking to have the default judgment set aside are not included in the appellate record before us. However, inasmuch as the default judgment had become final, we presume that the motions were filed pursuant to Tennessee Rule of Civil Procedure 60.02 rather than Rule 59 or 54. That being considered, the record contains no other information concerning the legal basis for the motions or whether such motions were timely filed. The motions were clearly not filed within one year of the grant of default judgment, and the trial court made no findings regarding whether the motions were filed within a reasonable time or whether the underlying judgment was void.[5] In fact, the trial court's order contains no discussion of the timeliness of the motions whatsoever.

Due to the absence of sufficient factual findings and legal conclusions in the trial court's order setting aside the default judgment, we conclude that the trial court's March 30, 2015 order setting aside the default judgment should be vacated. We note that Tennessee Rule of Civil Procedure 52.01 provides in pertinent part:

> In all actions tried upon the facts without a jury, the court shall find the facts specially and shall state separately its conclusions of law and direct

---

[4] We have located no authority for the proposition that a default judgment must be set aside due to the failure to join an indispensable party except in instances where the failure to join an indispensable party affects the trial court's subject matter jurisdiction, such as in a declaratory judgment action. *See* Tenn. Code Ann. § 29-14-107; *Tenn. Farmers Mut. Ins. Co. v. Debruce*, No. E2017-02078-COA-R3-CV, 2018 WL 3773912, at *1 (Tenn. Ct. App. Aug. 9, 2018), *perm. app. granted* (Tenn. Jan. 16, 2019). Ms. Bane's complaint in the first action did not rely upon the declaratory judgment statute.

Because the trial court did not indicate its basis for determining that Mr. Kingery was a necessary and indispensable party to the first action, we have no ability to review that conclusion. We note, however, that as our prior decisions have demonstrated, although a "trustee named in a trust deed is a proper party to a suit involving lands subject to the trust indenture," a proper party "is not the same as a necessary or indispensable party." *See Brewer v. Lawson*, 569 S.W.2d 856, 858 (Tenn. Ct. App. 1978); *see also Campbell v. Miller*, 562 S.W.2d 827, 831 (Tenn. Ct. App. 1977). "Only a party who will be directly affected by a decree and whose interest is not represented by any other party to the litigation is an indispensable or necessary party, that is, one without which no valid decree may be entered settling the rights between the parties that are before the [c]ourt." *Brewer*, 569 S.W.2d at 858.

[5] We note that a void judgment is one wherein the rendering court lacked subject matter jurisdiction or personal jurisdiction of the parties, or one that is "wholly outside the pleadings." *See Turner*, 473 S.W.3d at 270 (quoting *Gentry v. Gentry*, 924 S.W.2d 678, 680 (Tenn. 1996)). Moreover, the judgment's invalidity must be apparent from "the face of that judgment, or in the record of the case in which the judgment was rendered." *See Turner*, 473 S.W.3d at 270 (quoting *Giles v. State ex rel. Giles*, 235 S.W.2d 24, 28 (Tenn. 1950)). If the defect is not apparent from the face of the judgment or the record and must be established by additional proof, the judgment is "merely voidable, not void." *See Turner*, 473 S.W.3d at 271.

the entry of the appropriate judgment. . . . If an opinion or memorandum of decision is filed, it will be sufficient if the findings of fact and conclusions of law appear therein.

We have determined that the March 30, 2015 order contains insufficient findings and conclusions to determine or review the basis for the trial court's ruling that the default judgment should be set aside. Moreover, the order contains no findings or conclusions concerning the timeliness of the motions seeking to set aside the default judgment.

> As this Court has explained concerning the requirements of Rule 52.01:
>
> Rule 52.01 of the Tennessee Rules of Civil Procedure requires the trial court to state expressly its findings of fact and conclusions of law, <u>even where the parties do not request it</u>. Tenn. R. Civ. P. 52.01. If the trial court fails to do so, its decision is normally vacated and the cause remanded for such findings and conclusions; however, the appellate court may, in some circumstances, "soldier on" in the absence of them.

*In re S.J.*, 387 S.W.3d 576, 594 n.9 (Tenn. Ct. App. 2012) (internal citation omitted) (emphasis added). We do not believe that this is an appropriate case in which to "soldier on" in the absence of appropriate findings and conclusions, particularly when the issue of timeliness was not specifically addressed by the trial court. We therefore conclude that the trial court's final order, as well as its March 30, 2015 order setting aside the default judgment, should be vacated.

## V. Remaining Issues

Having determined that the trial court's orders should be vacated, we conclude that the remaining issues presented by the Estate are pretermitted as moot.

## VI. Conclusion

For the foregoing reasons, we vacate the trial court's final order and its March 30, 2015 order setting aside the default judgment. We remand this matter to the trial court for entry of sufficient findings of fact and conclusions of law regarding the legal basis of the trial court's decision to set aside the default judgment, or, in the alternative, reconsideration of that order. We also remand for consideration of any remaining issues and collection of costs assessed below. Costs on appeal are taxed to the appellees: John Bane; Anne Bane; and Elizabeth Caldwell Kingery, Executor of the Estate of J. Alan Kingery.

_____
THOMAS R. FRIERSON, II, JUDGE