IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs March 16, 2010

**STEPHEN S. PATTERSON, II v. SUNTRUST BANK**

**Appeal from the Circuit Court for Blount County**
**No. L-15908     W. Dale Young, Judge**

_____

**No. E2009-01947-COA-R3-CV - FILED APRIL 30, 2010**

_____

Stephen S. Patterson, II, filed a complaint against SunTrust Bank arising out of unauthorized charges made against his checking account with a debit card alleged to have been stolen. When SunTrust failed to timely respond to the complaint, Patterson moved for a default judgment. Following a hearing and the filing of briefs, the trial court granted the motion. The court later denied SunTrust's motion for relief from the court's order, which order recited that "[t]he plaintiff is granted a judgment by default." In the "judgment by default" order, the court had not addressed the plaintiff's request for damages. On a subsequent date, the case proceeded to a hearing on the issue of damages. At the conclusion of the hearing, the court awarded Patterson damages of $32,937.44. On appeal, SunTrust contends that the trial court erred in entering a default judgment and in failing to set aside that judgment. We vacate the trial court's final judgment. Case remanded for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court
Vacated; Case Remanded**

CHARLES D. SUSANO, JR., J., delivered the opinion of the Court, in which D. MICHAEL SWINEY and JOHN W. MCCLARTY, JJ., joined.

Michael L. Powell, Knoxville, Tennessee, for the appellant, SunTrust Bank.

Gerald C. Russell, Rockford, Tennessee, for the appellee, Stephen S. Patterson, II.

**OPINION**

Patterson filed his complaint on August 23, 2007. The record reflects that the summons and a copy of the complaint were served on SunTrust the next day. On October 15, 2007 – no answer or other responsive pleading having been filed – Patterson moved for a judgment by default. By a separate filing, he served SunTrust with notice that there would be a hearing on November 5, 2007, to address the motion.

On October 23, 2007, counsel for SunTrust entered an appearance by letter sent to the trial court clerk, a copy of which was sent to Patterson's counsel. On November 5, 2007, SunTrust filed an answer to the complaint in which it essentially denied liability for the contested debit card transactions. Briefly stated, SunTrust claimed in its answer that it had complied with federal regulations governing the issuance of unsolicited "debit" or "check" cards and further that Patterson was liable for the disputed charges because he had failed to report the unauthorized activity on his account in a timely manner.

A hearing on Patterson's motion was held on April 14, 2008. The court then ordered the parties to file briefs in support of their respective positions. In its brief, SunTrust noted that its late-filed answer was then pending. It summarized its opposition to a default judgment as follows:

> [SunTrust] need not file a Motion or otherwise present proof showing excusable neglect or some other equitable reason for its failure to file a responsive pleading in a timely manner. Rather, it is within the sound discretion of the trial court as to whether Default Judgment should be entered, considering all of the circumstances, including the consideration that the law does not favor the entry of Default Judgments.

On July 29, 2008, the trial court entered a "judgment by default." In part, the court observed as follows:

> [SunTrust] gives no reason why it took so long . . . to respond in this case, [SunTrust] arguing that the simple filing of an answer would rebut the provision of the Tennessee Rules of Civil Procedure relative to timely[-filed] answers.

As previously noted, the court's order of July 29, 2008, did not address Patterson's request for damages.

On August 28, 2008, SunTrust filed a pleading "pursuant to Rules 59.04 and 60.02" styled "Verified Motion for Relief from Order of Dismissal [sic]"[1] in which it sought relief from the previously-entered order of July 29, 2008. In support of its position, SunTrust set forth the following facts by way of explanation as to why it failed to answer Patterson's complaint in a timely manner:

> At the time the complaint was received by [SunTrust's] legal department, its in house counsel, Susan Craft, was preparing to leave her office for a vacation that had been planned over a year in advance. She directed her assistant to forward a copy of the summons and complaint to several individuals within [SunTrust], as required by internal procedures, and also to [SunTrust's] present counsel, Michael L. Powell.[2] However, although Ms. Craft's assistant forwarded the copies to the [SunTrust] personnel as instructed, she failed to forward them to Mr. Powell because she failed to fully understand Ms. Craft's instructions. Upon Ms. Craft's return two weeks later, Ms. Craft saw the fax confirmation sheets for the [SunTrust] personnel stapled to the complaint and assumed the confirmation sheet for Mr. Powell was stapled underneath them. When she had not heard from Mr. Powell in the next weeks she assumed he had arranged with [Patterson's] counsel for an informal extension of time for answering the complaint, which is a common professional courtesy. During this period Ms. Craft was not only dealing with the backlog of work from her vacation, but also with a recent move to a new residence, and the serious illness and ultimate death of her beloved dog. Although none of these reasons can excuse the failure to file the answer in a timely manner, they are offered as proof that the failure was not a willful one and that it was due to inadvertent mistake.
>
> On or about October 15, 2007, [Patterson] filed his motion for default judgment.

---

[1]The motion recites that SunTrust "moves this court to set aside its *order of dismissal* previously entered herein." (Emphasis added.) Of course, there was no "order of dismissal." Obviously, the motion was directed at the court's order of July 29, 2008, finding SunTrust in default.

[2]Apparently, the matter was assigned to Mr. Powell as outside counsel for SunTrust.

The next day, Ms. Craft received a copy of [Patterson's] motion and discovered that Mr. Powell had never received a copy of the complaint. She immediately faxed a copy of the summons, complaint and motion for default judgment to Mr. Powell. Mr. Powell was out of town, but left Ms. Craft a message that he would file a notice of appearance in the matter as soon as he returned. On October 18, 2007, Ms. Craft spoke to [Patterson's] counsel by telephone, explained what had happened, apologized, and informed him that an answer would be forthcoming.

(Footnote added.)

At a November 17, 2008, hearing on SunTrust's motion, counsel orally argued their respective positions regarding SunTrust's motion for relief from the July 29, 2008, order. In a January 30, 2009, memorandum opinion, the court found that the motion was not well-taken and declined to vacate its order. An order to that effect followed on March 6, 2009. As previously noted, the case proceeded on the issue of damages and, following a further hearing on May 19, 2009, a judgment awarding damages to Patterson was entered on June 2, 2009. SunTrust timely filed a notice of appeal.

II.

SunTrust presents two issues for our consideration:

1. Did the trial court err in entering its order of July 29, 2008?

2. Did the trial court err in refusing to set aside its judgment by default?

III.

A trial court's factual findings are presumed to be correct; they will not be overturned on appeal unless the evidence preponderates against them. Tenn. R. App. P. 13(d) (2008); *Bogan v. Bogan*, 60 S.W.3d 721, 727 (Tenn. 2001). A trial court's conclusions of law are also reviewed under a *de novo* standard, but with no presumption of correctness. *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91 (Tenn. 1993).

A decision to enter a default judgment is reviewed under an abuse of discretion standard. *State ex rel. Jones v. Looper*, 86 S.W.3d 189, 193 (Tenn. Ct. App. 2000); *Patterson v. Rockwell Int'l*, 665 S.W.2d 96, 100 (Tenn. 1984). A decision as to whether to

set aside a default judgment is reviewed under the same standard.  ***Henry v. Goins***, 104 S.W.3d 475, 479 (Tenn. 2003); ***Underwood v. Zurich Ins. Co.***, 854 S.W.2d 94, 97 (Tenn. 1993).  This Court has explained the application of the abuse of discretion standard to decisions regarding default judgments as follows:

> Under the abuse of discretion standard, a trial court's ruling will be upheld so long as reasonable minds can disagree as to the propriety of the decision made. A trial court abuses its discretion only when it applies an incorrect legal standard, or reaches a decision which is against logic or reasoning or that causes an injustice to the party complaining. In the interests of justice, the courts have expressed a clear preference for a trial on the merits. Motions to set aside default judgments are not viewed with the same strictness that motions to set aside judgments after a hearing on the merits are viewed. Rather, such motions are construed liberally in favor of granting the relief requested. If there is reasonable doubt as to whether to set aside a default judgment upon proper application, a court should exercise its discretion in favor of granting relief from the judgment.

***Decker v. Nance***, No. E2005-2248-COA-R3-CV, 2006 WL 1132048 at *2 (Tenn. Ct. App. E.S., filed April 28, 2006)(internal citations in original omitted).

IV.

Although SunTrust contends that the trial court erred in entering its order of July 29, 2008, its presents no argument or citation to relevant authority to support its position.  On our review, we conclude that this "issue," such as it is, has no merit.

Tenn. R. Civ. P. 55.01 addresses the entry of a judgment by default:

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, judgment by default may be entered as follows:
>
> The party entitled to a judgment by default shall apply to the court. Except for cases where service was properly made by publication, all parties against whom a default judgment is sought shall be served with a written notice of the application at

least five days before the hearing on the application, regardless of whether the party has made an appearance in the action.

In the present case, it is undisputed that SunTrust failed to timely respond to Patterson's complaint. *See* Tenn. R. Civ. P. 12.01 (providing that a "defendant shall serve an answer within thirty (30) days after the service of the summons and complaint upon him."). Prompted by Patterson's motion for a default judgment, SunTrust eventually filed its answer some five weeks beyond the permitted 30-day filing period. At the hearing on the motion for default, SunTrust apparently[3] relied on its argument that the filing of an answer, in and of itself, is enough to avoid the entry of a default judgment. The trial court, however, rejected SunTrust's position upon noting that SunTrust had given "no reason" for the delayed filing of its answer. This Court has observed that "[t]he belated filing of an answer is not an adequate response to a motion for default. There must be some application to the court for relief from the failure to timely file an answer." ***State of Tennessee ex. rel. Jones v. Looper***, 86 S.W. 3d at 196. Moreover, we have noted that "neither the Rules of Civil Procedure nor case law provide[s] that a default judgment must be denied if an answer is filed prior to the court's hearing on the motion." ***Id***. The trial court in the present case granted a default judgment in response to an untimely answer filed without explanation or "application to the court for relief." The decision of whether to enter a default judgment required the trial court to consider the facts presented and to apply the relevant law. In our view, the trial court did so and acted within its discretion in entering a default judgment. Because reasonable minds could certainly differ concerning the soundness of the trial court's decision, we find no error in the trial court's decision to enter its order of default on July 29, 2008. *See **Overstreet v. Shoney's, Inc.***, 4 S.W.3d 694, 709 (Tenn. Ct. App. 1999).

V.

Next, SunTrust asserts that the trial court erred in denying its motion to set aside the previously-entered order of July 29, 2008. SunTrust essentially argues that its delay in answering the complaint was not willful, but rather inadvertent, and should be excused consistent with the general preference for having cases heard on their merits.

In this regard, Tenn. R. Civ. P. 55 further provides that "[f]or good cause shown the court may set aside a judgment by default in accordance with Rule 60.02." Tenn. R. Civ. P. 55.02. As we have previously noted in this opinion, the trial court, in its order of July 29, 2008, only addressed SunTrust's failure to file a timely response to the complaint. It later entered its final judgment – which, of course, was a judgment following a default – on June

---

[3]We say "apparently" because there is no transcript of the hearing that led to the trial court's order of July 29, 2008; however, we note that this is the argument made in the plaintiff's trial brief.

2, 2009. In practice, lawyers frequently refer to an order such as the one entered in this case on July 29, 2008, as a "judgment by default" or a "default judgment." However, it is clear to us – in reading Tenn. R. Civ. P. 55.01 – that the "judgment by default" referred to in Tenn. R. Civ. P. 55.02 is a judgment such as the one entered in this case on June 2, 2009, *i.e., a final judgment*. While the motion filed by SunTrust on August 28, 2008, was directed at the order of the trial court entered July 29, 2008, it is further clear to us that this appeal is taken from, and directed at, the trial court's final judgment of June 2, 2009. This being the case, we will address the ultimate question in this appeal, *i.e.*, whether the June 2, 2009, "judgment by default" should be vacated under the Tenn. R. Civ. P. 55.02 rubric.

Rule 60.02(1) provides: "On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect;. . . ." The burden is on the moving party to set forth facts explaining why the movant was justified in failing to avoid the mistake, inadvertence, surprise or neglect. *Henry v. Goins*, 104 S.W.3d at 482; *Hopkins v. Hopkins*, 572 S.W.2d 639 (Tenn.1978).

Again, while the consideration of a motion to set aside a judgment by default requires the exercise of the trial court's sound discretion, the law favors the granting of the motion. In *Keck v. Nationwide Systems, Inc.*, 499 S.W.2d 266, 267 (Tenn. Ct. App.1973), we noted the following:

> The setting aside of a judgment addresses itself and lies within the sound discretion of the court. One can find numerous decisions where the courts make it clear they are anxious to see cases determined on the merits whenever such is possible. It seems to be a universal rule that when there is a reasonable doubt as to whether a default judgment should be set aside upon proper application, the court should exercise its discretion in favor of granting the application so as to permit a determination of the cause upon the merits. See 46 Am.Jur.2d, Judgments, Sec. 687.

In the present case, the trial court made no findings in support of its refusal to set aside the default judgment except to state that SunTrust's motion for relief was not well-taken. On our *de novo* review of the record, we cannot agree.

The Supreme Court has adopted a three-part test for evaluating a motion to set aside a default judgment based upon the grounds set forth in Rule 60.02(1). The applicable test requires a consideration of the following factors: "(1) whether the default was willful; (2)

whether the defendant has a meritorious defense; and (3) whether the non-defaulting party would be prejudiced if relief were granted." ***Henry v. Goins***, 104 S.W.3d at 481 (citing ***Tenn. Dept. of Human Servs. v. Barbee***, 689 S.W.2d 863, 866 (Tenn. 1985)). "Courts construe requests for relief pursuant to Rule 60.02 much more liberally in cases involving default judgment than in cases following a trial on the merits." ***Henry,*** 104 S.W.3d at 481.

With respect to these factors, SunTrust first contends that the action of its in-house counsel, Ms. Craft, and her legal assistant, that led to SunTrust's late-filed answer, were by no means intentional. On the contrary, in her sworn motion, Ms. Craft states that she believed she had attended to the complaint by directing her assistant, in counsel's absence, to forward the complaint and summons to SunTrust's assigned counsel, Mr. Powell, for response. When Ms. Craft returned from her scheduled trip, she saw fax transmission papers that left her with the mistaken impression that her instructions had been followed and that Mr. Powell was by then handling the case. Mr. Powell did not file a timely answer on SunTrust's behalf because he was unaware of the litigation. At the same time, SunTrust's in-house counsel, Ms. Craft, only realized this fact when confronted with Patterson's motion for default judgment based solely on SunTrust's failure to defend. Immediately after discovering the erroneous handling of the complaint in her office, Ms. Craft contacted Mr. Powell as well as opposing counsel, explained the matter, and assured adversary counsel that SunTrust's answer would be "forthcoming." It was thereafter filed on November 5, 2007.

Patterson suggests that Ms. Craft's actions, whether they be characterized as careless, neglectful, or inattentive, are not excusable and do not merit relief under Rule 60.02(1). Tennessee "no longer categorically excludes 'mere negligence' or 'carelessness' of an attorney from the scope of excusable neglect, under Tenn. R. Civ. P. 60.02(1) with regard to setting aside default judgments." ***Skipper v. State***, M2009-00022-COA-R3-CV, 2009 WL 2365580, at 5-7 (Tenn. Ct. App. M.S., filed July 31, 2009)(*quoting* ***World Relief Corp. of Nat'l Ass'n of Evangelicals v. Messay***, M2005-01533-COA-R3-CV, 2007 WL 2198199 at *5 (Tenn. Ct. App. M.S., filed July 26, 2007). Patterson does not contend that counsel's actions show a willful failure by SunTrust to defend itself. Based on the facts presented, we conclude that the default was not willful, but negligent. "Negligence on the part of the moving party . . . appears to be precisely the type of error a Rule 60 motion is designed to relieve." ***Tate v. County of Monroe***, 578 S.W.2d 642, 644 (Tenn. App. 1978); *see* ***Skipper,*** 2009 WL 2365580, at *7 (excusable neglect can include negligent conduct of attorney).

As to the remaining two factors, we conclude that they also militate in SunTrust's favor. In its answer and its motion to set aside, SunTrust presents a meritorious defense to the complaint based on applicable federal banking law. Lastly, Patterson does not argue, and no showing has been made, that he will suffer any specific prejudice if the judgment is set aside and the case proceeds to a trial on the merits. "Simply having to proceed to trial does

not constitute prejudice, nor does the mere passage of time." ***Henry***, 104 S.W.3d at 482 (citing ***Barbee***, 689 S.W.2d at 867; ***Nelson***, 826 S.W.2d at 486). In our consideration of the relevant factors set out in ***Henry***, we conclude that SunTrust has demonstrated excusable neglect by its counsel and is entitled to relief from the trial court's judgment based upon an appropriate analysis of the Tenn. R. Civ. P. 60.02(1) grounds. We therefore conclude that the trial court erred in failing to set aside the final judgment rendered against SunTrust.

VI.

The judgment of the trial court is hereby vacated. This case is remanded to the court below for further proceedings. Costs on appeal are taxed to the appellee, Stephen S. Patterson, II.

_____
CHARLES D. SUSANO, JR., JUDGE