# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
Assigned on Briefs January 4, 2011

## KAY SAUER v. DONALD D. LAUNIUS DBA ALPHA LOG CABINS

**Appeal from the Circuit Court for Sevier County**
**No. 2008-00419-IV      O. Duane Slone, Judge**

---

**No. E2010-00477-COA-R3-CV - Filed January 31, 2011**

---

Kay Sauer ("the Plaintiff") sued Donald D. Launius ("the Defendant") on a civil warrant in general sessions court alleging, among other things, that the Defendant did business as Alpha Log Cabins. The Defendant appealed an adverse judgment in general sessions to the trial court. In the trial court, the Defendant, by counsel, filed a motion to dismiss, asserting that the Plaintiff had sued the wrong party as the contract upon which she had sued was with Alpha Log Cabin Sales and Rentals, Inc. ("the Agent"). The case was set for hearing on April 13, 2009. In the meantime, between the filing of the motion to dismiss and the hearing date, the Defendant's attorney withdrew. The Defendant failed to appear on the hearing date, and the court entered judgment in the Plaintiff's favor. The Defendant filed a motion to set aside pursuant to Tenn. R. Civ. P. 60.02 supported by his affidavit in which he stated that he did not receive notice of the hearing date. The trial court denied the motion to set aside. The Defendant appeals. We remand the case to the trial court with instructions to enter an order vacating the court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Case Remanded with Instructions to Vacate the Circuit Court's Judgment**

CHARLES D. SUSANO, JR., J., delivered the opinion of the Court, in which D. MICHAEL SWINEY and JOHN W. MCCLARTY, JJ., joined.

Jack W. Piper, Knoxville, Tennessee, for the appellant, Donald D. Launius dba Alpha Log Cabins.

Allen E. Schwartz, Knoxville, Tennessee, for the appellee, Kay Sauer.

## OPINION

I.

As we have stated, this case originated in general sessions court. The Defendant did not appear and defend the case and the court granted the Plaintiff a judgment for $10,810.61. The Defendant appealed the judgment to the trial court. The trial court originally set the matter for hearing on September 3, 2008. The Defendant retained counsel who filed a motion to continue as well as a motion to dismiss. The motion to dismiss asserted that the Plaintiff had sued the wrong party because the contract upon which she had sued was with the Agent and not the Defendant. A copy of the contract was attached as exhibit A to the motion. The basic premise of the contract was that the Plaintiff agreed to allow the Agent to handle the rental of her three cabins. An attachment summarizing the Plaintiff's alleged damages was attached to the original warrant. The attachment demonstrates clearly that the action is based on alleged breaches of the contract, *i.e.*, the alleged failure of the Defendant to pay over rent collected and his alleged failure to perform other services required under the contract.

Although the record does not contain an order concerning either the motion to dismiss or the motion to continue, the case was reset by notice to February 23, 2009, and later to April 13, 2009. In the meantime, on March 24, 2009, the Defendant's attorney filed a motion to withdraw from the case because of the client's failure to "fulfill his financial obligation." The motion was granted by order entered the following day, March 25, 2009. The order of withdrawal reflects that a copy was served on the Defendant by mail at a post office box address.

As previously noted, the Defendant did not appear on the scheduled hearing date of April 13, 2009, and the court granted the Plaintiff a judgment in the amount of $10,810.61. The Defendant, by his former counsel, who made a new appearance[1] in the case, then filed a motion to set aside the judgment pursuant to Tenn. R. Civ. P. 60.02. The motion, supported by the Defendant's affidavit, asserted that he did not owe the judgment and that he "was unaware of the April 13, 2009 court date." The Plaintiff, acting pro se, filed an unsworn response in the form of a letter to the clerk and trial judge. Although the Plaintiff made a conclusory assertion that "Mr. Launis knew about the hearing dates," she did not supply any particulars. Her principal response to the motion was that she had already been forced on two occasions to travel to Tennessee from her home in Florida and that it would be unfair to require her to make a third trip. She supplied several attachments with her response, one of which was a letter dated February 20, 2009, from the Defendant's counsel to an attorney in Florida advising that "the court date of February 23, 2009, . . . has been reset to April 13, 2009." From the totality of the attachments, it appears that the lawyer in Florida was

---

[1]The Defendant's appellate counsel commenced his representation of the Defendant after another attorney filed the Rule 60 motion on the Defendant's behalf.

advising the Plaintiff without ever becoming counsel of record in this case. In any event, the letter does not reflect that a copy was sent to the Defendant. The trial court denied the motion to set aside without stating its reasons. The Defendant then filed a notice of appeal.

## II.

The only issue is whether the trial court erred in denying the motion to set aside the judgment against the Defendant.

## III.

We do not reverse a trial court's ruling on a Rule 60.02 motion for relief from a judgment unless the trial court has abused its discretion. ***Henry v. Goins***, 104 S.W.3d 475, 479 (Tenn. 2003). Failure to apply the correct legal standard constitutes an abuse of discretion. ***Id***. Rule 60.02 provides, in relevant part, as follows:

> Upon motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; . . . . or (5) any other reason justifying relief from the judgment.

A party's failure to act because it did not receive notice of a critical step in a court proceeding can constitute "excusable neglect." ***Henry***, 104 S.W.3d at 480-81. Where the party's failure to act results in a summary entry of judgment or a summary dismissal without a contested hearing on the merits, it is appropriate to analyze the party's motion to set aside the judgment under the standard of cases that deal with whether to set aside a default judgment.[2] ***Id***. at 481. Before proceeding further in our analysis, we recognize that the Plaintiff argues that her judgment is a "final judgment" and therefore should not be treated the same as the cases involving default judgments. However, the judgment in ***Henry*** was also a final judgment. *See **id***. at 478. Nevertheless, because the judgment in ***Henry*** was entered without a contested hearing on the merits, the Supreme Court "look[ed] to cases that decide whether default judgments should be set aside" for the appropriate analysis. ***Id***. at 481. We will do the same borrowing liberally from the path charted in ***Henry***.

---

[2]We are aware that the Supreme Court in ***Henry*** was dealing with the dismissal of a plaintiff's claim because of the failure of the plaintiff to prosecute rather than a judgment for a plaintiff without a hearing on the merits due to the failure of the defendant to appear on the date of trial. However, both ***Henry*** and the instant case deal with a lack of notice to a litigant concerning a critical step in a court proceeding. Therefore, we believe the analysis in ***Henry*** applies with equal force to the facts now before us.

Neither dismissals nor default judgments are favored by the courts. Dismissals based on procedural grounds like failure to prosecute and default judgments run counter to the judicial system's general objective of disposing of cases on the merits.

Rule 55.02 of the Tennessee Rules of Civil Procedure permits trial courts to set aside default judgments in accordance with Rule 60.02. Courts construe requests for relief pursuant to Rule 60.02 much more liberally in cases involving default judgment than in cases following a trial on the merits. A request to vacate a default judgment in accordance with Rule 60.02 should be granted if there is reasonable doubt as to the justness of dismissing the case before it can be heard on its merits. A request to vacate an order of dismissal pursuant to Rule 60.02 should be granted under the same circumstances. Such liberality is especially warranted when an order of dismissal is entered with prejudice and without such procedural safeguards as notice, considering that Rule 55.01 of the Tennessee Rules of Civil Procedure requires notice to be given before a default judgment is granted.

Because of the similarity between default judgments and dismissals, we find instructive those factors that are used to determine if a default judgment should be vacated under Rule 60.02(1). Those factors include: (1) whether the default was willful; (2) whether the defendant has a meritorious defense; and (3) whether the non-defaulting party would be prejudiced if relief were granted. These same factors should apply in cases when relief from an order of dismissal is sought under Rule 60.02(1).

When a party seeks relief from a final judgment pursuant to Rule 60.02, the burden of proof rests with that party. Furthermore, the party seeking relief must offer proof of the basis upon which relief is sought.

*Id*. at 481-82(citations omitted).

The next logical step is to determine whether the record supports relief under the three-part analysis in **Henry**. *Id*. at 484. The Defendant's sworn testimony states that he did

-4-

not receive notice of the hearing date, and there is no evidence in the record to refute that testimony. The Plaintiff's response to the contrary is not sworn to and conclusory in nature. It is true, as the Plaintiff points out, that the Defendant had counsel at the point in time that the hearing was set, but by the time of the hearing itself, counsel had withdrawn. If the Defendant's affidavit is taken at face value, which we will do for now since there is no proof to the contrary, counsel withdrew without passing along to the client notification of the hearing date. It is also true that the record contains a copy of a February 2009 letter, sent by the Defendant's counsel before his withdrawal, notifying the Plaintiff's Florida lawyer of the April hearing date, but there is no evidence the Defendant was furnished a copy of the letter. It is important to note that even if the lack of notice is blamed on the Defendant's former counsel,

> Tennessee "no longer categorically excludes 'mere negligence' or 'carelessness' of an attorney from the scope of excusable neglect, under Tenn. R. Civ. P. 60.02(1) with regard to setting aside default judgments."

***Patterson v. SunTrust Bank***, No. E2009-01947-COA-R3-CV, 2010 WL 1741377 at *6 (Tenn. Ct. App. E.S., filed April 30, 2010)(quoting cases). For the purpose of the Defendant's motion to set aside, the evidence preponderated in favor of a finding that the Defendant did not have actual notice of the hearing and that his failure to defend the case on the merits was not willful.

With regard to the second step in ***Henry***, we believe the Defendant has put forth a potentially meritorious defense with regard to the Plaintiff suing the wrong party. The claim as stated in the Plaintiff's warrant is clearly based upon the contract between the Plaintiff and the corporate entity. The Plaintiff offered nothing in response to the Rule 60 motion to show why she has a claim against the Defendant individually. On appeal, she argues that the corporate entity was administratively dissolved for a period of time before it was reinstated. We will leave the parsing of time and the merits of piercing the corporate veil to the trial court on remand. With regard to the pending motion, the trial court should have determined from the evidence before it that the Defendant had raised a potentially meritorious defense.

We now turn to the third prong of ***Henry***, *i.e.*, "whether the [Plaintiff in the instant case] would be prejudiced if relief were granted" to the Defendant. On this point, the Plaintiff stresses – and we believe correctly so – that she has traveled to Sevier County in connection with this litigation on two previous occasions: first, when she traveled from Florida for the hearing in general sessions court and, second, when she later traveled in connection with the April 13, 2009, hearing in the trial court – the hearing at which the Defendant failed to appear. While we recognize ***Henry's*** pronouncement that being forced

to go to trial, standing alone, does not constitute prejudice, *see **Henry***, 104 S.W.3d at 482, nevertheless, if our decision results in a new trial, the Plaintiff will again be required to travel from Florida to Sevier County, obviously at additional expense to her. Rule 60.02 allows us to address our concern regarding the Defendant's apparent lack of notice, and our concern with the additional expense to the Plaintiff. It does this by providing that the court may grant relief from a judgment "upon such terms as are just." Tenn. R. Civ. P. 60.02. We hold that the Defendant is entitled to relief provided he bears these additional expenses of the Plaintiff.

This case is hereby remanded to the trial court for the entry of an order vacating its order of April 13, 2009, which awarded the Plaintiff a judgment against the Defendant in the amount of $10,810.61. This will place the case back in its status as it existed prior to the entry of the aforesaid order, *i.e.*, on appeal from general sessions court with the Defendant's motion to dismiss pending. The vacating of the April 13, 2009, order, however, must be accompanied by "terms [that] are just."

With respect to the additional expense of the Plaintiff, we decree that the order of the trial court vacating its April 13, 2009, order will also provide that, prior to a trial on the merits in the trial court, the Defendant will pay into the registry of the trial court, for the benefit of the Plaintiff, a sum of money equal to the total of the following four components: (1) the cost of a round trip coach air fare ticket for the Plaintiff from Florida to Knoxville; (2) the cost of ground transportation from the Knoxville airport to Sevierville and back; (3) one night's stay at a hotel/motel in Sevierville; and (4) the legal fees and expenses, if any,[3] incurred by the Plaintiff at the hearing on April 13, 2009. The Defendant's payment into the registry of the court will be made at least 60 days in advance of the Plaintiff's scheduled departure date from Florida. The Plaintiff will not be required to reimburse the Defendant for his expenditure regardless of the ultimate outcome of this litigation. On remand, the trial court will determine how and when the Plaintiff is to substantiate, and advise the court of, the four components of the Defendant's obligation outlined above. The clerk of the trial court will be directed, in the trial court's order on remand, to pay the funds over to the Plaintiff as soon as the Defendant's check has cleared.

If the Defendant fails to pay the required amount into the registry of the trial court on or before 60 days prior to the new trial setting, the trial court will instanter again enter a judgment for the Plaintiff in the amount of $10,810.61 nunc pro tunc April 13, 2009, with costs taxed to the Defendant.

---

[3]The record seems to reflect that the Plaintiff appeared pro se at the April 13, 2009, hearing.

IV.

This case is remanded to the trial court for the entry of an order vacating the court's order of April 13, 2009, said new order of the trial court to set forth the conditions set forth in this opinion.  Costs on appeal are taxed to the Defendant, Donald D. Launius.

_____
CHARLES D. SUSANO, JR., JUDGE