IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 14, 2011

## KRISTIE LYNN (McCLANNAHAN) JENKINS v. WILLIAM CHARLES McCLANNAHAN

**Appeal from the Chancery Court for Humphreys County**
**No. CH07096      Robert E. Burch, Chancellor**

---

**No. M2010-02061-COA-R3-CV - Filed March 28, 2012**

---

In this post-divorce action, the father appeals the entry of a default judgment modifying the parties' parenting plan for their minor child and the denial of his Tenn. R. Civ. P. 60.02 motion to set aside the default judgment. The father was personally served with the petition to modify the parenting plan at work but did not file an answer. He had changed residences after the divorce but did not provide the mother or the court with his new address after the petition was served. Over two months later, the mother filed a motion for default judgment, serving the father by mail at his last known address. The trial court granted the motion and entered a default judgment. Father filed a Rule 60.02 motion for relief, which was denied. This appeal followed. Finding no abuse of discretion, we affirm.

**Tenn. R. App. P. Appeal as of Right; Judgment of the Chancery Court Affirmed**

FRANK G. CLEMENT, JR., J., delivered the opinion of the Court, in which ANDY D. BENNETT and RICHARD H. DINKINS, JJ., joined.

Joseph L. Hornick, Dickson, Tennessee, for the appellant, William Charles McClannahan.

Jennifer Davis Roberts, Dickson, Tennessee, for the appellee, Kristie Lynn (McClannahan) Jenkins.

### OPINION

Kristie Lynn (McClannahan) Jenkins ("Mother") and William Charles McClannahan ("Father") were divorced by final decree entered December 3, 2007. A permanent parenting plan for the parties' minor child was incorporated into the final decree by which Mother was designated the primary residential parent.

On February 4, 2010, Mother filed a Petition for Contempt and to Modify Parenting Plan ("the Petition"), alleging that Father willfully failed and refused to abide by the terms of the parenting plan, that a significant and material change of circumstances had occurred requiring a modification to Father's residential visitation time in the minor child's best interest, and that there was a significant variance in Father's income requiring an increase in his child support obligation.

The Petition was personally served on Father at his place of employment, Standard Gypsum of Cumberland City, on February 15, 2010. Father did not file an answer or any responsive pleading, and Mother filed a Motion for Default Judgment on April 28, 2010. The hearing was set for May 20, 2010.

The certificate of service reveals that Mother's motion for default judgment was mailed to Father on April 27, 2010, at his last known address of 50 May Street, McEwen, Tennessee, 37101, where Mother had previously transported the parties' minor child for visitation with Father. It is the same address provided to Mother's attorney by Father's attorney during the divorce proceedings. Father had since moved to a new residence at 350 North Railroad Street; however, he did not notify Mother or Mother's attorney when he moved or after he was served with the Petition.

At the hearing on Mother's motion for default judgment, the trial court found that a significant and material change in circumstances had occurred requiring a modification of the parties' parenting plan in the best interest of the child. In the order, which was entered on June 16, 2010, the trial court granted the default judgment and modified the parties' parenting plan pursuant to a new plan attached to the order.[1] This order was mailed to the 50 May Street address. Approximately one month later, with counsel, Father filed a Motion for Relief from Judgment pursuant to Rule 60.02 of the Tennessee Rules of Civil Procedure. He asserted that the default judgment entered against him was void because he did not receive written notice of the motion for default judgment, as required by Rule 55.01 of the Tennessee Rules of Civil Procedure.

In support of his motion, Father filed an affidavit stating, *inter alia*, that he was served with the Petition at his place of work, that he never received notice of the motion for default judgment, and that his address at the time the notice was mailed was 350 North Railroad Street, McEwen, Tennessee 37101.

---

[1]Mother's Petition included a request for an increase in Father's child support obligation. The trial court reserved ruling on this issue, stating in Section III. A. 1. of the parenting plan (the Financial Support section), that the amount of support is "to be determined by the Court."

At the hearing on the motion on July 23, 2010, counsel for Mother notified the court that the June 16, 2010 order granting default judgment had since been returned to her office as undeliverable; however, the notice of the motion for default judgment, mailed April 27, 2010, had not been returned. The trial court found that Father was properly served with the summons and the Petition and was thus aware of the proceedings and, as a result, Father had an affirmative duty to timely file a responsive pleading to the Petition, which he did not do, and to notify Mother and the court of the change of his address, which he also did not do. The court further found that, because Father failed to fulfill these affirmative duties, 50 May Street was his last known address and, therefore, Mother complied with the requirements for service of process in Rule 5.02 by mailing notice of the motion to Father's last known address. Because Father was properly served with the notice, Mother complied with Rule 55.01 for Entry of Default Judgments and the default judgment was not void. Based upon these findings, and because Father failed to establish he had an affirmative defense, the trial court denied Father's motion by order dated August 20, 2010. This appeal followed.

This court reviews a trial court's entry of a default judgment and its refusal to set that judgment aside pursuant to a Rule 60.02 motion under an abuse of discretion standard. *Tenn. Dep't of Human Servs. v. Barbee*, 689 S.W.2d 863, 866 (Tenn. 1985). There is a three-part test courts use for deciding whether to grant a motion to set aside a default judgment based upon the grounds set forth in Rule 60.02(1). *Patterson v. SunTrust Bank*, 328 S.W.3d 505, 511 (Tenn. Ct. App. 2010). That test requires consideration of the following factors: "(1) whether the default was willful; (2) whether the defendant has a meritorious defense; and (3) whether the non-defaulting party would be prejudiced if relief were granted." *Id.* at 511-12 (quoting *Henry v. Goins*, 104 S.W.3d at 481 (Tenn. 2003) (citing *Barbee*, 689 S.W.2d at 866)).

The party seeking to set aside a default judgment has the burden of demonstrating that it is entitled to relief. *Nelson v. Simpson*, 826 S.W.2d 483, 485 (Tenn. Ct. App. 1991). Nevertheless, courts are to "construe requests for relief pursuant to Rule 60.02 much more liberally in cases involving default judgment than in cases following a trial on the merits." *SunTrust*, 328 S.W.3d at 512 (citing *Henry*, 104 S.W.3d at 481). A trial court should grant Rule 60.02 relief on a default judgment "when the plaintiff has failed to comply with required procedural safeguards." *Nelson*, 826 S.W.2d at 486. Moreover, "an assertion of a meritorious defense is not required where 'the default judgment was procured in violation of the Rules of Civil Procedure.'" *Reynolds v. Battles*, 108 S.W.2d 249, 252-53 (Tenn. Ct. App. 2003) (quoting *Churney v. Churney*, No. 02A01-9211-CV-00326, 1993 WL 273891 at *2 (Tenn. Ct. App. July 22, 1993)) (citing *Patterson v. Rockwell Int'l*, 665 S.W.2d 96, 99-100 (Tenn. 1984)).

On appeal, Father argues the trial court applied the "wrong legal standard" when considering his motion for Rule 60.02 relief. Specifically, he reiterates his position that Mother failed to comply with the notice requirement in Rule 55.01, which relieved him of the duty to establish a meritorious defense, pursuant to *Reynolds*, 108 S.W.2d at 252, and entitled him to Rule 60.02 relief.

Tennessee Rule of Civil Procedure 55.01 provides that "all parties against whom a default judgment is sought shall be served with a written notice of the application at least five days before the hearing on the application," and Rule 5.02 provides that such service shall be made in person, "or by mailing it to such person's last known address." Tenn. R. Civ. P. 55.01 & 5.02. Father's former attorney provided counsel for Mother with the 50 May Street address, and it was reasonable to rely upon that representation. *See* 3 Tenn. Juris., Attorney and Client §9. "If a litigant proceeding *pro se* relocates during the course of litigation, he is encumbered with the responsibility of notifying the clerk of the court with his new address." *Reynolds*, 108 S.W.3d at 252. Father failed to do this. Moreover, this was the address of the last residence where Father exercised visitation with the minor child. We therefore find, as the trial court did, that Mother complied with the notice requirements in mailing the motion for default judgment to Father's last known address. Accordingly, the trial court did not err in entering a default judgment.

This brings us to the question of whether the trial court erred by not granting Father's Rule 60.02 motion to set aside the default judgment. Because the default judgment was entered in accordance with Rule 55.01, Father was not excused from establishing a meritorious defense in order to be entitled to relief under Rule 60.02. *See Reynolds*, 108 S.W.3d at 252 ("Unless the judgment is void, a default judgment will not be set aside unless the defendant has made a showing of a meritorious defense."). We have determined Father failed to establish that he had a meritorious defense; therefore, he failed to satisfy one of the three factors to be considered when evaluating a motion to set aside a default judgment based upon the grounds set forth in Rule 60.02. *SunTrust*, 328 S.W.3d at 511-12. Moreover, Father failed to explain why he did not file a responsive pleading until after the hearing on the motion for default judgment, or why he failed to provide Mother or the court with his current address. Under these circumstances, we find no abuse of discretion in the trial court's denial of the Rule 60.02 motion to set aside the judgment.

Therefore, the judgment of the trial court is affirmed and this matter is remanded for further proceedings consistent with this opinion. Costs of appeal are assessed against Father, William H. McClannahan.

_____
FRANK G. CLEMENT, JR., JUDGE