IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
February 19, 2019 Session

## HARRIS BUILDING GROUP, INC. v. TENNESSEE ELECTRICAL, INC.

**Appeal from the Chancery Court for Davidson County**
No. 17-471-I     Claudia Bonnyman, Chancellor

———————————————————

### No. M2018-00499-COA-R3-CV

———————————————————

When the defendant failed to answer a petition for declaratory judgment, the plaintiff sought and obtained a default judgment.  The defendant moved to set aside the default judgment, arguing that it never received the motion for default judgment nor notice of the hearing date on the motion.  The trial court denied the defendant the requested relief, finding that the defendant's failure to answer the petition until months after entry of the default judgment was willful.  Discerning no abuse of discretion, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

W. NEAL MCBRAYER, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., P.J., M.S., and THOMAS R. FRIERSON II, J., joined.

Casey A. Long, Franklin, Tennessee, for the appellant, Tennessee Electrical, Inc.

William B. Hawkins III and Eric G. Evans, Nashville, Tennessee, for the appellee, Harris Building Group, Inc.

### OPINION

### I.

On May 12, 2017, in the Chancery Court for Davidson County, Tennessee, Harris Building Group, Inc. ("HBG") filed a petition for declaratory judgment against Tennessee Electrical, Inc.  The petition alleged that HBG subcontracted with Tennessee Electrical to complete electrical work on a construction project for a total price of $98,600.  According to HBG, Tennessee Electrical fell behind the agreed upon work schedule, prompting HBG to tell Tennessee Electrical to "do what [it] need[ed] to do" in

order to catch up. Tennessee Electrical responded by having its employees work overtime. Tennessee Electrical then invoiced HBG for the overtime costs. Among other things, HBG sought a declaratory judgment that $98,600 was the extent of its liability and that Tennessee Electrical bore the responsibility for any additional costs it incurred to complete the work on schedule.

On July 5, 2017, HBG served the summons and petition for declaratory judgment via electronic mail on Donald Gandee, the registered agent for Tennessee Electrical. Counsel directed the email to Mr. Gandee's counsel, who had agreed to accept service on Mr. Gandee's behalf. Later, HBG filed a "Proof of Service" attaching an email exchange in which Mr. Gandee's counsel confirmed that she was authorized by Mr. Gandee to accept service. The email from Mr. Gandee's counsel also disclosed that she would "not be representing [Mr. Gandee] in Davidson County."

On August 11, 2017, HBG moved for a default judgment. The motion certified that a copy "ha[d] been served on this 11th day of August, 2017, upon [Tennessee Electrical at its address listed with the Secretary of State and a secondary address known to HBG as one belonging to Mr. Gandee] via USPS first class mail, postage prepaid, and via USPS certified mail, return receipt requested." The motion also included a notice of hearing, which provided as follows:

> This motion is set for hearing at 9:00 a.m. on August 25, 2017 in the Davidson County Chancery Court, Part I, at 200 James Robertson Pkwy, Nashville, Tennessee 37201. IF NO RESPONSE IS TIMELY FILED AND PERSONALLY SERVED, THE MOTION SHALL BE GRANTED AND COUNSEL OR PRO SE LITIGANT NEED NOT APPEAR IN COURT AT THE TIME AND DATE SCHEDULED FOR THE HEARING.

*See* Tenn. 20th J. Dist. R. § 26.04.

Despite the warning, Tennessee Electrical did not respond to the motion for default judgment. And no one appeared on behalf of Tennessee Electrical at the scheduled hearing. On August 31, 2017, the court entered an order granting HBG a default judgment.

On September 29, 2017, Tennessee Electrical moved to set aside the default judgment. Tennessee Electrical alleged "a mistake and/or misrepresentation by the opposing party in that the opposing party submitted to the Court that it had sent notice of the hearing date of August 25, 2017 to [Tennessee Electrical] when [HBG] had not done so, or at the least that such notice did not reach [Tennessee Electrical]." Tennessee Electrical also claimed that it "was unaware that a Motion for Default had been filed in this matter." Had the motion for default been noticed, Tennessee Electrical contended it

2

"would have defended this matter" because it could "provide proof that all required work was performed and that [HBG] was in arrears as to its obligations to [Tennessee Electrical]."

HBG opposed Tennessee Electrical's motion. HBG's response countered the assertion that the motion for default judgment was not sent. When mailing the motion for default judgment, HBG counsel claimed to have "used an approved license vendor of the United States Postal Service for its purchase and printing of stamps, Stamps.com" that "track[ed] the dates and addresses to which correspondence [wa]s sent." Additionally, HBG emphasized that Tennessee Electrical had not denied being served with the petition for declaratory judgment. So HBG argued a willful default because Tennessee Electrical "ha[d] not provided any explanation or proof as to why it has not filed a responsive pleading in this action." HBG supported its response with (1) an affidavit of HBG's counsel's affirming that he deposited the envelopes with USPS and that nothing had been returned as undeliverable and (2) printouts from Stamps.com purportedly showing delivery of mailings to Mr. Gandee.

On February 7, 2018, Tennessee Electrical finally filed an answer to the petition for declaratory judgment. The answer denied all material allegations and alleged, among other things, that HBG "dramatically changed the scope of the required work subsequent to the initiation of the job." Tennessee Electrical also replied to HBG's response to the motion to set aside. The reply included an affidavit from Mr. Gandee in which he denied receiving "notification of a Motion for Default Judgment."

The court denied Tennessee Electrical's motion to set aside. The court found Tennessee Electrical "was served with the Petition for Declaratory Judgment on July 5, 2017, and that it was dilatory in responding." The court further found that Tennessee Electrical had not requested relief from the thirty day response requirement imposed by the Tennessee Rules of Civil Procedure. It concluded that Tennessee Electrical's failure to timely file a response with no application for relief constituted a willful default.

## II.

### A.

Tennessee Electrical's sole issue on appeal is "[w]hether the trial court erred in failing to set aside the Order Granting Default Judgment on August 31, 2017." As grounds to set aside the default judgment, Tennessee Electrical relied on Rule 60.02 of the Tennessee Rules of Civil Procedure. But because Tennessee Electrical sought relief within thirty days of the entry of the default judgment, we conclude the appropriate analysis is under Rule 59.04. *See Discover Bank v. Morgan*, 363 S.W.3d 479, 488-89 (Tenn. 2012). *But see* Tenn. R. Civ. P. 55.02. Under either Rule 60.02 or 59.04, we review the trial court's decision under the abuse of discretion standard. *Discover Bank*,

3

363 S.W.3d at 487. So we consider whether "the trial court applied incorrect legal standards, reached an illogical conclusion, based its decision on a clearly erroneous assessment of the evidence, or employed reasoning that cause[d] an injustice to the complaining party." *Id.* (quoting *State v. Jordan*, 325 S.W.3d 1, 39 (Tenn. 2010)).

In the trial court, Tennessee Electrical sought relief from the default judgment on the basis of "a mistake and/or misrepresentation by the opposing party" in claiming that the motion for default judgment was served. *See* Tenn. R. Civ. P. 60.02 ("[T]he court may relieve a party . . . from a final judgment . . . for . . . fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party."). Tennessee Electrical denied receiving the motion for default judgment or notice of the hearing on the motion. HBG responded as if Tennessee Electrical was asserting "excusable neglect" rather than some misconduct on the part of its counsel. The trial court also analyzed the motion to set aside as if Tennessee Electrical was relying upon excusable neglect. *See Henry v. Goins*, 104 S.W.3d 475, 480 (Tenn. 2003) ("When a party has no notice of a critical step in a court proceeding, the circumstances may make out a case of excusable neglect.").

If we analyze the request to set aside based on alleged "misconduct of an adverse party," Tennessee Electrical did not carry its burden of proof. *Furlough v. Spherion Atl. Workforce, LLC*, 397 S.W.3d 114, 128 (Tenn. 2013) ("A party seeking relief under Rule 60.02 must substantiate the request with clear and convincing evidence."). HBG's motion for default judgment included a certificate of service. And a certificate of service "is prima facie evidence that the document was served in the manner described in the certificate and raises a rebuttable presumption that it was received by the person to whom it was sent." *Orr v. Orr*, No. 01-A-01-9012-CH-00464, 1991 WL 226916, at *4 (Tenn. Ct. App. Nov. 6, 1991); *cf. Patterson v. SunTrust Bank*, 328 S.W.3d 505, 510-11 (Tenn. Ct. App. 2010) (finding no abuse of discretion in trial court's decision to "grant[] a default judgment in response to an untimely answer filed without explanation or 'application to the court for relief'" (quoting *State ex rel. Jones v. Looper*, 86 S.W.3d 189, 196 (Tenn. Ct. App. 2000))). Although it may have rebutted the presumption of receipt, Tennessee Electrical offered no evidence of a misrepresentation or misconduct by HBG or its counsel.

If we analyze the request to set aside based on excusable neglect, the threshold inquiry is whether the defaulting party's conduct that precipitated the default was willful. *Discover Bank*, 363 S.W.3d at 494. If the defaulting party's conduct was willful, the court need not address the remaining factors of whether the defaulting party had a meritorious defense and whether the non-defaulting party would be prejudiced if the default judgment were set aside. *Id.*

Here, the court found that Tennessee Electrical's conduct precipitating the default was willful. Willful conduct includes "deliberate choices" and "conduct that is flagrant

4

and unexplained." *Id.* at 493 (quoting *Barber & McMurry, Inc. v. Top-Flite Dev. Corp.*, 720 S.W.2d 469, 471 (Tenn. Ct. App. 1986), and *Hayes v. Hayes*, No. M2006-02356-COA-R3-CV, 2007 WL 2580026, at *2 (Tenn. Ct. App. Sept. 6, 2007)).  While providing some proof and an explanation as to why it did not respond to the motion for default judgment, Tennessee Electrical never addressed its failure to respond to the petition for declaratory judgment until almost six months after entry of default judgment.

The trial court correctly assessed the evidence.  Tennessee Electrical's failure to respond to the petition for declaration was both flagrant and unexplained.  The rules allowing motions to set aside a default judgment were "not intended to rescue a party who failed to answer a complaint for no good reason."  *Pache Indus., LLC v. Wallace Hardware Co.*, No. E2003-01483-COA-R3-CV, 2003 WL 22668854, at *5 (Tenn. Ct. App. Nov. 12, 2003).  Where a record lacks an explanation for a flagrant violation of the procedural rules, the conduct is "'willful' and therefore ineligible for relief on grounds of 'excusable neglect.'"  *Discover Bank*, 363 S.W.3d at 494-95; *see also In re I.G.*, No. M2015-01974-COA-R3-JV, 2016 WL 8077967, at *5 (Tenn. Ct. App. Dec. 2, 2016) (concluding that the father's conduct was willful when, among other things, he "failed to file a timely response to the mother's petition, despite being 'fully aware' of the court proceedings"); *McBride v. Webb*, No. M2006-01631-COA-R3-CV, 2007 WL 2790681, at *3 (Tenn. Ct. App. Sept. 25, 2007) (concluding that the defendant's conduct in failing to respond to the complaint was willful whether or not she actually received the motion for default judgment).

The trial court did not abuse its discretion in denying Tennessee Electrical's motion to set aside the default judgment.[1]  Tennessee Electrical failed to carry its burden of proof to justify relief from the judgment.

## B.

HBG asserts that this appeal is frivolous, entitling it to damages, including attorney's fees and expenses incurred on appeal.  Under Tennessee Code Annotated § 27-1-122 (2017), an appellate court may award damages against an appellant if an appeal is frivolous or taken solely for delay.  The statute authorizing an award of damages for

---

[1] For the first time on appeal, Tennessee Electrical also argues that the trial court erred in granting a default judgment because HBG failed to establish proper service of the motion for default judgment under Rule 4.04 of the Tennessee Rules of Civil Procedure.  Because Tennessee Electrical did not raise this issue in the trial court, we deem it waived.  *See Barnes v. Barnes*, 193 S.W.3d 495, 501 (Tenn. 2006) ("Issues not raised in the trial court cannot be raised for the first time on appeal.").  Additionally, we note that Rule 4.04 addresses service of the summons and complaint, which Tennessee Electrical acknowledges is not in question.  *See* Tenn. R. Civ. P. 4.04.  Rule 5 governs the service of motions.  *See* Tenn. R. Civ. P. 5.

5

frivolous appeals "must be interpreted and applied strictly so as not to discourage legitimate appeals." *See Davis v. Gulf Ins. Grp.*, 546 S.W.2d 583, 586 (Tenn. 1977) (citing the predecessor to Tennessee Code Annotated § 27-1-122).

A frivolous appeal is one "utterly devoid of merit," *Combustion Eng'g, Inc. v. Kennedy*, 562 S.W.2d 202, 205 (Tenn. 1978), or that has "no reasonable chance of success," *Davis*, 546 S.W.2d at 586. We do not find this appeal to be frivolous. So we deny HBG's request for attorney's fees and expenses incurred on appeal.

## III.

Based on the foregoing, we affirm the trial court's denial of Tennessee Electrical's motion to set aside default judgment. The case is remanded for such further proceedings as may be necessary and consistent with this opinion.

_____
W. NEAL MCBRAYER, JUDGE