IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
April 2025 Session

## HELENA AGRI ENTERPRISES, LLC v. TED RAINS D/B/A AG SERVICES

**Appeal from the Chancery Court for Decatur County**
No. 24-1343  Vicki H. Hoover, Chancellor
_____

**No. W2024-01552-COA-R3-CV**
_____

Appellee filed a complaint against Appellant over a contract dispute, and Appellant failed to timely file a responsive pleading. The trial court granted a default judgment in favor of Appellee. Appellant filed a motion for the trial court to set aside the default judgment, and the trial court denied that motion. On appeal, Appellant asserts that the trial court abused its discretion in granting the default judgment by failing to properly consider all relevant factors and by disregarding an issue related to venue. After review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

VALERIE L. SMITH, J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and W. NEAL MCBRAYER, J., joined.

Mariah McCallister, Jackson, Tennessee, for the appellant, Ted D. Rains.

Stephen L. Hughes, Milan, Tennessee, for the appellee, Helena Agri-Enterprises, LLC.

## OPINION

### I.    FACTUAL AND PROCEDURAL BACKGROUND

Helena Agri-Enterprises LLC (the "Appellee") entered into a contract with Ted Rains (the "Appellant) on December 11, 2022, for goods and services. Appellant failed to pay

invoices as they were due under the terms of the contract. On April 16, 2024, Appellee filed a sworn complaint against Appellant for the balance of $44,764.86 in unpaid invoices under the contract, plus accruing contractual interest rate of eighteen percent per annum, finance charges, other expenses, and reasonable attorney's fees. Appellant was served with process on April 25, 2024, but he failed to file a responsive pleading within thirty days as required by Rule 12.01 of the Tennessee Rules of Civil Procedure.

Due to Appellant's failure to respond to the complaint, Appellee filed a motion for default judgment on June 13, 2024. A notice of hearing was mailed to Appellant, which stated that the motion for default would be considered on July 9, 2024. Appellant hired counsel to represent him in this matter on or about July 8, 2024. The trial court held a hearing on the motion for default on July 9, 2024. At that time, Appellant's newly hired counsel requested that the trial judge deny the motion for default judgment and permit Appellant three additional days to respond to the complaint. Appellant, however, did not file a written motion for extension of time or answer or response to the sworn complaint. Appellant also noted that the complaint alleged that venue was proper in Lincoln County, Tennessee, rather than Decatur County where the complaint was filed.

On September 9, 2024, the trial court granted Appellee's motion for default against Appellant, citing Appellant's failure to timely respond to the complaint. The trial court found that Appellant had been served with a copy of the sworn complaint on or about April 25, 2024, and he failed to file an answer within the required thirty days. The court further found that Appellant was neither incompetent nor a minor. Regarding venue, the court determined that the statement of Lincoln County rather than Decatur County in the complaint was a "clerical error" and not fatal to Appellee's motion for default judgment. The trial court's order specifically reserved the issue of attorney's fees for a separate hearing.

On September 20, 2024, Appellant filed a motion to set aside the default judgment pursuant to Rules 55.02 and 60.02 of the Tennessee Rules of Civil Procedure. This matter was heard on October 8, 2024, at the same time that the trial court took up the remaining issue of attorney's fees related to the default judgment. On October 15, 2024, the trial court both denied Appellant's motion to set aside the default judgment and granted Appellee's outstanding attorney's fees. The court stated the following relative to its decision-making on the motion for default judgment:

> Mr. Ted Rains [Appellant] was called to the witness stand to testify. He is 67 years old and the owner/operator of the Defendant's business, "Ag Services." He initially stated he was not served but then, after further questioning, admitted service of process. He stated he had contacted the Petitioner, and Petitioner's attorney, for discussion of the matter and felt that that was enough of a response to the Complaint. The record reflects no written Answer for Mr. Rains had been filed.

Mr. Rains was very argumentative with the Court, with the attorneys, including his own attorney, and was belligerent in his responses and body language. At one point the Court Bailiff found it necessary to stand by to assure composure in the courtroom. The Court found Mr. Rains' testimony lacked credibility; that he was either very confused, deliberately giving false information, or just did not exhibit good business practices. As stated, he denied being served with service of process although there is a valid service return on file, indicating service on April 25, 2024. Mr. Rains said he did not know about the letter sent by the opposing counsel, and the summons that had been filed in this matter. He then stated that maybe he had been served, but he did not file a written response. He could not remember getting the second letter from opposing counsel regarding the debt. His response to the non-payment was that he did not believe he had been furnished copies of all the invoices. He then stated that he thought his employees may have signed for some of the invoices and just had not told him about it. He stated they were supposed to make a copy when they signed but some did not, and he was just a very busy man. As to any letters sent to him, he claims he did not receive the second letter, but did remember receiving the first one.

Thereafter, Mr. Rains did hire an attorney, Ms. McCallister, who filed a Notice of Appearance on his behalf on July 9, 2024.

During Mr. Rains' time on the stand, he became so agitated that even his own attorney found it difficult to get him to answer the question asked. Mr. Rains alleged "his records were just not complete," and he could not determine what he owed.

Mr. Rains said that he wanted to count up what he owed but was never able to get the proper paperwork. Opposing counsel's evidence showed he was given the information he needed several times. The Court does not believe that in the approximate six months period since the filing of the Complaint in this matter, that Defendant has not been able to ascertain the amounts signed for on the invoices and obtain copies of same from the Petitioner. Mr. Rains' employees, if indeed they were accepting the deliveries of merchandise for Mr. Rains at his business address, are the responsibility of Mr. Rains and not the responsibility of the Petitioner. It is the Court's belief, from the behavior and testimony of Defendant in Court, that Mr. Rains just does not want to pay the Petitioner and that he has willfully stalled the proceedings in this matter. In the vernacular of the courts "Mr. Rains slept on his rights." Only when faced with entry of a default judgment did Mr. Rains hire an attorney. He also stated that he was so busy he could not keep up with everything.

Whether Mr. Rains has had any prior experience with the Court system is unknown, but given his age, it is more likely than not that he has had at least a modicum of experience, either as the owner of a business, or personally, regarding legal issues, which would have been of assistance in navigating this lawsuit. Also, the Summons served is clear in its language as to the time a defendant has to answer. The Petitioner's attorney tried to discuss a previous default judgment he had had on record with the Chancery Court. Mr. Rains could not remember it, however, opposing counsel referred to the case and stated he was the attorney who processed it for default.

In closing statements, Petitioner's attorney stated Mr. Rains had had the documentation since July, but that the balance owed had not been paid. He had had 75 days but chose not to answer.

## II.    ISSUES PRESENTED

Appellant presents the following issue for review on appeal: "Whether the Trial Court erred in granting Helena's Motion for Default Judgment?" In addition to this central appellate issue, Appellee adds for our review whether it should be awarded additional attorney's fees incurred as a result of this appeal and/or for this Court to deem this appeal to be "frivolous."

## III.    LAW AND ANALYSIS

### A. Default Judgment

Appellant asserts that the trial court erred in granting a default judgment against him for his failure to timely respond to Appellee's complaint. Rule 55.01 of the Tennessee Rules of Civil Procedure provides, in pertinent part, that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, judgment by default may be entered."  On appeal, we review a trial court's decision to grant a default judgment for an abuse of discretion.  *State ex rel. Jones v. Looper*, 86 S.W.3d 189, 193 (Tenn. Ct. App. 2000); *Patterson v. Rockwell Int'l*, 665 S.W.2d 96, 100 (Tenn. 1994).

This Court has explained the application of the abuse of discretion standard to decisions regarding default judgments as follows:

Under the abuse of discretion standard, a trial court's ruling will be upheld so long as reasonable minds can disagree as to the propriety of the decision made.

A trial court abuses its discretion only when it applies an incorrect legal standard, or reaches a decision which is against logic or reasoning or that causes an injustice to the party complaining. In the interests of justice, the courts have expressed a clear preference for a trial on the merits.

*Patterson v. SunTrust Bank*, 328 S.W.3d 505, 509-10 (Tenn. Ct. App. 2010) (quoting *Decker v. Nance*, No. E2005-2248-R3-CV, 2006 WL 113048, at *2 (Tenn. Ct. App. Apr. 28, 2006)).

As this Court has previously explained concerning default judgments generally:

'A default judgment, while a necessary part of a trial court's repertoire, is a big stick that should not be wielded haphazardly. Default judgments should be granted only when a defendant (1) makes no appearance in the case, in spite of being properly served, (2) appears, but fails to respond to the complaint, or (3) disobeys a pretrial order directing defendant to comply with some procedural requirement.'

*In re Connor B.*, 603 S.W.3d 773, 782 (Tenn. Ct. App. 2020) (quoting *First Union Nat'l Bank of Tenn. v. Abercrombie*, No. M2001-01379-COA-R3-CV, 2003 WL 22251347, at *3 (Tenn. Ct. App. Oct. 2, 2003)).

In the present case, it is undisputed that Appellant failed to timely respond to Appellee's complaint. *See* Tenn. R. Civ. P. 12.01 (stating that "[a] defendant shall serve an answer within 30 days after the service of the summons and complaint upon the defendant."). After his initial thirty days had run, and on the eve of the hearing on an impending motion for a default judgment, Appellant finally hired an attorney to respond to the complaint.

Appellant argues that the trial court failed to properly consider the factors relevant to whether a default judgment should be granted. In particular, Appellant contends that the trial court failed to consider the lack of harm to Appellee if the court allowed additional time to respond to the complaint. At the hearing on the motion for default, Appellant's counsel requested three additional days to file an answer. Appellant's brief gives examples of situations in which courts have allowed extensions to file answers under similar circumstances. Appellant further recites the same facts and arguments that were made to the trial court when responding to the motion for default and when seeking to set aside the default judgment.

We are confined by the issue raised and by the standard of review to decide only whether the trial court's grant of a default judgment was an abuse of discretion. Appellant has failed to show how the trial court "appl[ied] an incorrect legal standard," "reach[ed] an

illogical or unreasonable decision," or "bas[ed] its decision on a clearly erroneous assessment of the evidence." *Lee Med., Inc. v. Beecher*, 312 S.W.3d 515, 524 (Tenn. 2010).

Additionally, Appellant argues that the trial court erred in not requiring Appellee to file an amended complaint to correct the allegation regarding the proper venue. The trial court deemed this to have been a clerical error that was non-fatal to the complaint and did not prejudice Appellant. Appellant's arguments relative to this issue center around the fact that the trial court had the discretion to permit Appellee to file an amended complaint, which would have then given Appellant additional time to file an answer. Again, however, Appellant fails to explain why the allegation concerning venue precludes entry of a default judgment.

We conclude that the trial court did not abuse its discretion in granting a default judgment for Appellant's failure to timely respond to the complaint. We affirm the judgment of the trial court.

## B. Attorney's Fees

Although Appellee requests that this Court award additional attorney's fees or make a finding that this appeal was frivolous, it makes no persuasive argument in support thereof. Thus, we respectfully decline to do so.

## IV. CONCLUSION

Based on the foregoing, we affirm the judgment of the trial court. Appellee's request for additional attorney's fees is denied. Costs on appeal are taxed to Appellant, for which execution may issue if necessary.

s/ Valerie L. Smith
VALERIE L. SMITH, JUDGE